Nicole Freeling
8631 Sierra Ridge Dr. Apt F.
Indianapolis, In 46239
317-500-8757
Plaintiff in Pro per
n.freeling@outlook.com

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CAIFORNIA, SANTA ANA DIVISION

JURISDICTION

NICOLE FREELING

              Plaintiff,

vs.

PCX, INC., a California Corporation; and DOES 1through 50,

              Defendant

**Case No**:  8:23-cv-00173-DOC-KES

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR TERMINATING SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT THEREOF; DECLARATION.**

December 4th, 2023

8:30 AM

 HON. JUDGE DAVID O. CARTER

COURT ROOM: 10A

---

1  **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR TERMINATING SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT THEREOF; DECLARATION.**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# *Table of Contents*

PLEASE TAKE NOTICE that on December 4                    ¹

matter may be heard in the above-entitled Court located at 411 West Fourth Street Suite 4170 Santa Ana, CA 9270

Federal Rule of Civil Procedure 26, 37. This motion is based on this notice, the memorandum of points and

**INTRODUCTION** ............................................................................................................. 3

**PROCEDURAL & FACTUAL BACKGROUND** .................................................. 4

*Interrogatories:* ........................................................................................................ 10

*Admissions:* ............................................................................................................... 12

*Production of Documents Set one and two:* ................................................. 12

*Subpoenas:* ................................................................................................................ 17

**LEGAL ARGUMENT:** ...................................................................................... 20

*Terminating Sanctions;* ........................................................................................ 22

*Spoliation:* .................................................................................................................. 23

*Fraud on the Court:* ............................................................................................... 24

*ATTORNEY MISCONDUCT:* .......................................................................... 25

2  PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR TERMINATING SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT THEREOF; DECLARATION.

**TO ALL THE PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on December 4th, 2023, at 8:30 AM or as soon thereafter as this matter may be heard in the above-entitled Court located at 411 West Fourth Street Suite 4170 Santa Ana, CA 9270 Nicole Freeling, the Plaintiff in this case will move this Court for motion for Terminating Sanctions, pursuant to Federal Rule of Civil Procedure 26, 37. This motion is based on this notice, the memorandum of points and authorities filed herein, the declaration(s) filed by Plaintiff, the exhibits filed herein, the pleadings previously filed in this action, and any oral argument permitted at the hearing on this motion.

## INTRODUCTION

Plaintiff brings this terminating Sanction motion against the Defendants and their Attorney for discovery abuse, spoliation of evidence and fraud upon the court. Defendants have throughout this litigation engaged in a pattern of misconduct that can be summed up as deceitful and malicious. Defendants have shown various forms of discovery abuse along with spoliation and fraud upon the court. Defendants have not only hidden key facts from Plaintiff but have

3  **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR TERMINATING SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT THEREOF; DECLARATION.**

repeatedly taken advantage of Plaintiff' limited access and resources as Pro Se litigant during the discovery process. The Defendant's discovery misconduct and deliberate concealment of critical evidence shows their ability not to follow the federal rules or Court rules. They have made intentional misrepresentation, misled the Courts and the Plaintiff with statements that are false. Defendants have altered and fabricated key fact documents. Influence 3rd party witnesses to withhold discovery that was requested by Court order and Subpoena. Defendants' discovery abuse violates both rules 26, and 37 Defense Counsel has also violation the Rules of Professional Conduct 3.3 and 3.4

## PROCEDURAL & FACTUAL BACKGROUND

Parties were given the Order Setting Scheduling Conference to complete the initial disclosures and 26 f report *See Dkt. 17.* I Plaintiff made the initiative to draft my portion of the 26f report first. I answered all the questions pertaining to the Plaintiff then sent my draft to the Defense counsel, when the Attorney sent the report back to me for it to be signed. I took notice that some of my words had been changed or replaced in the Plaintiff sections. His draft had an added part for "damages" (stating as if I wrote it in) "Plaintiff damages are injunctions and limits on the damages of 4000 per claims". I was flabbergasted at what I was reading knowing those were not my words*. (See Exhibit 59 the joint 26f* before I asked him to remove it). I contacted Mr. Gruenbeck right away, and he insisted he made a mistake by copying and pasting from another case he also says these are ADA claims, but the wording ADA was not included *(SEE Exhibit*

4  **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR TERMINATING SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT THEREOF; DECLARATION.**

*60 email between Plaintiff and Mr. Gruenbeck).* Although that seems a bit odd because I created the draft and sent it over to him, however I wrote this off as the Attorney being negligent and moved on. The 26F report had other inaccuracies that raised my concerns in the Defendant section; they misrepresented the first material fact by stating Plaintiff's has "other offenses" which is misleading because there are no other offenses, there are no others offense other than those on my background and Defense Counsel should specify by what he means as "other offenses". Then they're stating "they can't hire people with fraud charges" making this false accusation that Plaintiff has a fraud charge when they are very aware of all Plaintiff charges, and none is fraud. Plaintiff raised this misrepresentation concern during the deposition of Gil however Defendant and Defense Counsel continued to label my offenses as "fraud" *See Exhibit 14 deposition of Gil page 36 lines 8-13 & page 50 lines 4-25.* Defendants have misrepresented another material fact in this same 26F report. Defendants claim to be exempt because of *10 U.S.C 4656*. This intentionally misleads the Court because this statute has no connection to Plaintiff when she was an employee with PCX nor anything to do with Plaintiff's criminal history. *See Exhibit 39 for the 10 USC 4656 Statue.* Finally, in the 26f report Defendants failed to disclose if they have an Insurance Policy. They state on the 26f report "None". When asked about this insurance policy in the deposition Defendant stated, "We have insurance" When I ask about why it is stating "None" on the 26f report the Attorney Mr. Gruenbeck quickly interrupts and says, "he did the report and disclosed PCX does not have Insurance". The Plaintiff then warns Mr. Gruenbeck that the 26f report is considered under oath and reminded him of Rule 11.

Gil Aouizerat also testified to having hundreds of pages of documentation of Insurance in this deposition taken on July 12, 2023 *See Exhibit 14 deposition of Gil page 80-86.* Plaintiff sent interrogatories to Defendants on July 26.2023 *See Exhibit 16 Interrogatories question #24* Defendants was asked to list all Insurance policies their response is "None" this contradicts what he previously testified to in his deposition on July 12th. As mentioned in my MSJ the hearing that took on June 5th, 2023, The Hon Judge Carter asked If they fired Plaintiff because of not disclosing driving misdemeanors The Defense Council answered yes and added other offenses he States because of Plaintiff's criminal conversion offense from 1998 and cable deception from 2005 Defense Council never stated "fraud" during this hearing as stated in 26f report and the deposition. However, this was still misleading the court because at the time of termination PCX ADP background screening only goes back 7 years, it says it on the front page of the report. Plaintiffs' misdemeanors from 20 years ago would have not shown up on ADP screening. *See Exhibit 47 PCX`s ADP background screening of Plaintiff.*

On June 5th during the hearing Plaintiff was provided the ordered to take depositions of Gil Aouizerat and David Ratliff. After Plaintiff had contacted David, I then began reaching out to many companies for the deposition. I learned that very few reporting companies work with pro se litigants. After many hours of searching, finally a company out of New York offered their service for the deposition. Plaintiff arranged for the deposition of David Ratliff scheduled for June 16th, 2023, this date was reached by both David Ratliff and Nicole the Plaintiff. The Court ordered states the deposition of Gil Aouizerat and David to be taken on July 12 and 13 or any

time before those dates. Plaintiff would be traveling around those dates, so it made sense to do the deposition before July 12th and 13th. Plaintiff reached out via email to Opposing Counsel on 6/8/23 to ask if he would be available on June 16, for both depositions of Gil Aouizerat and David Ratliff. Plaintiff tells Mr. Gruenbeck the limited resources to finding a company and it would save cost and time for me to do them both on the same day. Mr. Gruenbeck made it very clear "he would not be available for any depositions until July 12 and 13th. On June 14th Plaintiff filed notice of zoom deposition with the Court and served it to opposing Counsel. On the evening June the 15th day before David Ratliff scheduled deposition Plaintiff received an email from Mr. Gruenbeck which he has also cc David Ratliff and Gil Aouizerat. In the email he makes statements saying this is not a "court order" and the court never ordered David Ratliff to take a deposition. He makes allegations that David Ratliff insinuated to being pressured to take deposition. The email also shows the Attorney making threats to sanction Plaintiff. His email caused confusion and along with whatever other conversation they had with Daivid, it caused him to cancel the deposition. This obviously caused delay and I had already made the non-refundable down payment for the deposition to be taken of David on June 16th. ***See DKT 24-27 objection and objection responses with attached exhibits.***

Nevertheless, both depositions were taken of Gil and David Ratliff. Gil Aouizerat deposition was taken on July 12th. July 14th. Hon Judge Carter made it clear during this hearing that the depositions were indeed Court orders! He also states we should have taken all the depositions prior to the hearing including Plaintiffs. Both parties had until the end of the day to get the

7  **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR TERMINATING SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT THEREOF; DECLARATION.**

reminder depositions of Plaintiffs' and David Ratliff completed. July 17th both parties received the Scheduling orders for pre-trial and trial procedures. July 26th, 2023, Plaintiff sends out her written discovery to the Defense Mr. Gruenbeck. A request to answer Interrogatories, Admissions and set one of Production of documents were sent on the 26th of July 2023.

On July 27th Plaintiff was cc on an email Mr. Gruenbeck sent to the Deputy Clerk requesting an immediate day and time for a Settlement conference. The email that was sent by opposing counsel stated, "they wanted mediation before filing motions for protective orders because of the nature of the discovery request" Both parties met for mediation on August 11th, 2023. We did not come to a settlement agreement.  The court order stated that both parties participate in a joint report steven days after the mediation takes place. On August 14th Plaintiff sent Defense Counsel an email and serving (set two) requesting Production of Documents. Plaintiff asks Counsel how to proceed with the joint settlement report Defense counsel did not respond to the Plaintiff *See Exhibit 50 Plaintiff email*. August 18,2023 7 days after Mediation I Plaintiff did the joint report without the Defense Counsel then submitted it to the Court. Only then did Mr. Gruenbeck respond, he resubmitted Plaintiff's document by adding his signature. *See DKT. 38 and 39 for report.* Plaintiff received an email from Mr. Gruenbeck on August 24,2023 the day before the written discovery 30 days was up. In the email he states he has an issue with question #16 on the request for production of documents. *See Exhibit 17 question # 16.* We had a meet and confer the following day on August 25, 2023. His concern was the privacy of his clients' employees. Plaintiff agreed to allow the names and other personal information such as socials to

8  **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR TERMINATING SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT THEREOF; DECLARATION.**

be removed only if these files are identified by race and gender. Plaintiff was clear that names of the employees must be revealed if the race and gender is not identified. Counsel Mr. Gruenbeck assured me that each file would have "Information regarding gender, race, ethnicity, criminal history and salary information shall not be blocked out". Counsel asked me for a week extension to turn in all discovery. In good faith I did not object to giving them an additional week. *See Exhibit 51 Mr. Gruenbeck email 8/25.*

Friday September 1st was the next due date for all discovery to be turned in by the Defense Counsel after giving the extension. I received an unexpected phone call from Counsel informing me they have the production of documents that were added to a Dropbox folder which would have contained 11 files. He then tells me that he had all the Interrogatories ready however his computer shut off and he lost all the answers therefore he needed more time to re-write the answer in. He asked for additional time just the weekend to turn in the remainder discovery. In good faith I allowed another extension to Counsel Mr. Gruenbeck.  I look at the files just sent in the shared Dropbox I immediately notice these have no Identification of race or gender. I sent Counsel an email right away to ask about the race and gender Mr. Gruenbeck ignores this email and never responded to my question about race or gender. *See Exhibit 52 email between parties on 9/1/23.*

9  PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR TERMINATING SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT THEREOF; DECLARATION.

*Interrogatories:*

Plaintiff requested a total of 25 Interrogatory questions, every question is relevant to claims laid out in Plaintiff's complaint. Plaintiff did not seek any information from Defendants that was beyond claims relevance. When I finally did get responses, they were incomplete, sketchy or not answered at all. Defendants acted in bad faith because most of the answers are false. Defendant's misconduct in depriving Plaintiff of the information requested is undeniable.

**Interrogatory NO. 3** ask to identify all Witnesses defendants intend to call at trial; **Defendants response** was only "Gil Aouizerat."

**Interrogatory NO. 4** ask to identify all affirmative defenses; **Defendants response** "see defendants answer to complaint" …Plaintiff also ask Defendants produce documents pertaining to affirmative defenses on Request for production of documents and they produce no documents.

**Interrogatory NO. 8** Ask to identify all persons who replace the plaintiff's sales position including the date of hire, race and salary. **Defendants' response** was "objection burdensome oppressive invades employee's privacy notwithstanding the objection redacted documents of defendants shall produce pursuant to written agreement".

**Interrogatory NO. 11** ask please identify and state the offenses on plaintiff's criminal history that would disqualify her to work with PCX because of Federal Government Contracting standards; **Defendants response** "all misdemeanors' convictions."

**Interrogatory NO. 15** ask to identify all rules procedures and policies that are used to evaluate employees' performances; **Defendants response** "he company process is to provide feedback

after each role play at the end of the week we evaluate whether someone is a fit and decide

whether to proceed from there to continuing invest in a new member or not"

**Interrogatory NO. 16** Ask, in your deposition on July the 12th 2023 you stated that PCX hires

some employees with misdemeanors or felonies pertaining to both please identify in detail what

offenses PCX allows; **Defendants response** "we have had very few applicants or employees

with legal issues prior to "Miss Freeling" they all disclose them in advance most that I recall

were DUIs or traffic violation issues and they were all disclosed at the time of the interview

process additionally these employees were not hired to work on the government sales of PCX but

on the side of commercial sales which did not require the same standards for criminal

convictions"

 **Interrogatory NO. 18** Please explain in detail how PCX applications are following the

California band The Box law**; Defendants response** "because the great majority of our sales are

to the government and Military contract PCX is exempt from compliance."

 **Interrogatory NO. 19** If PCX job application is not in compliance with the band The Box law

explain in detail why; **Defendants response** "Not applicable."

**Interrogatory number 23** lists all charges, investigations, complaints, or lawsuits for all late

wage penalties filed against anyone with the company at any time; **Defendants response** Nicole

Freeling only Late pay Violation. **(This *is not true) See Exhibit 40 Gordon vs Pacific**

***Component Xchange)***


11 **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR TERMINATING SANCTIONS; MEMORANDUM OF POINTS AND**

**AUTHORITES IN SUPPORT THEREOF; DECLARATION.**

**Interrogatory NO. 24** Ask Defendants to list insurance policies that was in place that may cover damages, claims or actions, what kind and to provide name address and telephone number of all their insurance companies

**Defendants response** "None" (this contradicts what Gil Aouizerat testified to in deposition) ***See Exhibit 16 Defense response to Plaintiffs' Interrogatories***

## *Admissions:*

Plaintiff requested a total of 20 Admissions, every question is relevant to claims laid out in Plaintiff's Complaint. The majority of the questions contradict what Defendants previously testified to in the deposition taken of Gil Aouizerat on July 12, 2023. Example.

**ADMISSION NO. 4**: Admit that YOU stated in your deposition ON July 12th, 2023, that you do not know what the California Fair Chance Act Law is**. Defendant response**: "Deny".  But this is not what he testified to previously on July 12th ***See Exhibit 14 Deposition of Gil Aouizerat page 34 lines 9-22.*** Eight out twenty responses to these Admissions were answered with these boilerplate objections by the Defendants stating "Objection Vague, ambiguous. Without waiving any objections. Deny". ***See Exhibit 19 Defense response to Plaintiffs' Admissions***

## *Production of Documents Set one and two:*

Plaintiff requested two sets of Production of documents from the Defendants. Set one has a total of twenty Requests. Set two has a total of seventeen Requests. Every document request is

relevant to the claims laid out in Plaintiff's Complaint. Plaintiff did not seek any information

from Defendants that was beyond claims relevance. Again, Defendants only answered 2 requests

out of set one and zero request in set two the rest were all objections. These objections can also

be seen as boilerplate objections. Defendants use the same objections repetitively for every

request. The objections do not give any reasons or explanations for stating these objections, just

the same objections over again cookie cutter responses. Boilerplate objections to requests are

inadequate to preclude production. *Fed. R. Civ. P. 34(b)(2)(B), (C); Burlington N. & Santa Fe

Ry. Co., 408 F.3d 1142, 1149 (9th Cir. 2005)* **Please See Exhibits 17 and exhibit 18 for both

sets of Defendants response to Plaintiff's Request for Production of Documents**

The request Defendants partially answered in set one is request number 16. Now this is ironic

because the Defendants Response document that was turned in on 9/4/23 after the meet and

confer on August the 25 which (I discussed earlier in this motion and showed email). Defendants

added an objection after producing the documents. When Plaintiff finally got the Defendant's

responses back on the document turned in with the other Interrogatories, admissions the

production documents it looked like this. **REQUEST FOR PRODUCTION OF DOCUMENT NO. 16:**

Provide copies of all employee personnel files dating back the past 5 years including all background checks, all

applications and all conditional offers showing salary rates. Please Identify each file by race and gender.

**Defendants' Response:** Objection, Burdensome, Oppressive, Invades Employees right to privacy. Notwithstanding

the objection redacted documents in possession of Defendant shall be produced pursuant to a written agreement. ***See

Exhibits 17 & 16***

13  **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR TERMINATING SANCTIONS; MEMORANDUM OF POINTS AND

AUTHORITES IN SUPPORT THEREOF; DECLARATION.**

**What Defendants produced:** Background checks, applications and conditional offers showing salary rates for those employee files. As I mentioned earlier, Defendants removed all the employee's names from these files although they promise to produce the race and gender connected to these records. They did not hold up to their end of this bargain. Plaintiff agreed only if race and gender show with each employee file, then names of the employees could be removed.  If not, I would need the name to Identify them by race and gender. The documents provided had the employee applications, conditional offers, and lastly their background screenings. The Attorney told Plaintiff that he had Bates stamp each document. The Bate stamp was found at the bottom of each produced document. Defendants produced these documents in a total of 11 different folders labeled as "RPD Set. Plaintiff begins with RPD 1 and continues all the way through RPD 11. Plaintiff viewed every document in the Chronological order that was given by the Defendants first, the application next, the conditional offers attached to each application finally, the ADP background screenings. As mentioned in my ***SJM on page 17*** Although the Defendants blacked the names on every application, conditional and backgrounds produced, Plaintiff was able to identify Jenna, David and Devon's who were all in the new hire training the week of 6/20/23. Theirs can be Identified by the start date, title, and location of where they were from. Plaintiff also used the dates and titles to identify replacements. As I continue to view and examine each and every document it is clear that a lot these documents have been altered. Particularly the ADP background screening for some of the applicant's background screenings were copied over, removed, or changed. There were multiple files of

14 **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR TERMINATING SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT THEREOF; DECLARATION.**

these background screenings that were identical but attached to different applications and conditional offers; however, they have the exact same date as the others from previous background screenings. As I viewed the documents it was obvious that PCX had covered up and tried to hide some of these employees' criminal histories to make it look as though some had no background record at all. ***Altered Background Records:*** First, I notice PCX only provides 2 pages for these reports when a full report has numerous pages ***See Exhibit 47 Plaintiff*** screening of what a full report should look like. I've listed below all the records that have the exact same background screening dates. These are different applications and offers from different employees and different dates and years. However, each of these records has an exact background screening copied date and report. On the APD background documents it has a column on the left (where the names and social security numbers that are blacked out by PCX) below in this same column you will see "Report Contents" this lays all the content that should be included in the report. Then below you will see PCX, INC with an order number and the request by Maryjane Christner who is the HR manager for PCX. Finally, this same column has a Printed and Viewed date for each background screening. Attached below.

***Exhibit 29 RPD #1 Pages 47- 55 Bates stamp DEF00047-DEF00054=*** The application date has 2-1-22 and the Background screening shows dates of **printed 8/17/22 viewed 8/18/22**

***Exhibit 29 RPD #1 Pages 57- 62 Bates stamp DEF00057-DEF00062=*** Application date has 12-6-21 and the Background screening shows dates of **printed 8/17/22 viewed 8/18/22**

15  **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR TERMINATING SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT THEREOF; DECLARATION.**

***Exhibit 30 RPD #2 Pages 34- 50 Bates stamp DEF00096-DEF00011=*** Nothing matches with this entire record. Application date of 3/23/23, conditional offer date has 8/1/22 and the background screening dates of **printed 8/17/22 viewed 8/19/22.**

***Exhibit 54 RPD #3 Pages 24- 34 Bates stamp DEF000160-DEF000170=*** Application date says 10/13/21, offer date says 1/13/22 and the background screening has the **same printed 8/17/22 viewed 8/18/22 date**

***Exhibit 31 RPD #8 Pages 28- 36 Bates stamp DEF000358-DEF000365=*** The application the employee disclosed a traffic violation within the 7 years however the background screening was altered to show no record.

***Exhibit 31 RPD #8 Pages 37- 44 Bates stamp DEF000367-DEF000374=*** The application date is 12/27/21 again the background screening has that date used on others, **printed 8/17/22 viewed 8/18/22**

***Exhibit 31 RPD #8 Pages 45- 52 Bates stamp DEF000375-DEF000382=***The application date is 2/21/22 the background screening has the same date other apps, **printed 8/17/22 viewed 8/19/22**

***Exhibit 33 RPD #10 Pages 46- 55 Bates stamp DEF000519-DEF000523=***The application date is 12/1/21 background screening has the same printed **8/17/22 viewed 8/18/22 dates**

***Exhibit 33 RPD #10 Pages 56- 64 Bates stamp DEF000524-DEF000531=*** This application date is 1/4/21, the conditional offer has 7/19/21 and the background screening date has printed **8/17/22 viewed 8/19/22 dates.**

16 **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR TERMINATING SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT THEREOF; DECLARATION.**

***Exhibit 34 RPD #11 Pages 33- 44 Bates stamp DEF000566-DEF000577=*** The application date is 6/17/21, conditional offer start date 6/14/23 and background screening has the same previous dates printed **8/17/22 viewed 8/18/22 dates**

**Exhibit 30 RPD #2 Page 39 Bates stamp DEF000101 and Exhibit 35 RPD #4 page 21 DEF00224=** Both applications are the same and have the same date. You can see it has been copied.

***Exhibit 35 and Exhibit 36 RPD #4 & #5*** have the same documents but different Bates stamp.

## *Subpoenas:*

During a meet and confer Defense Counsel told Plaintiff that it's not their job to give information about other African American that were employed with PCX and to get this information on my own. Defendants would not disclose the accurate number of employees that work for PCX. Plaintiffs then exercise the use of Subpoena to possibly get this information. On September 6, 2023, Plaintiff served Subpoena on 3rd party ADP service who handled PCX payroll and background screening. Plaintiff also served Subpoena copies with notice to Defendants on September 6, 2023.

A week after APD was served I was informed by Alice Quinn from the Subpoena department ADP only have client's annual payroll records, but records are not identified by race or gender She also informed me that if I wanted those payroll records, I would have to reword the subpoena to say, "payroll records specifically". I plaintiff did another subpoena and sent it back out to ADP subpoena's Department. After waiting a couple of weeks, I reached out to Alice

17  **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR TERMINATING SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT THEREOF; DECLARATION.**

Quinn, she informed me I should have received an email from the attorney of PCX. Attorney. Mr. Gruenbeck sent an email on 9/27/23. He states how he was contacted by ADP about the subpoena. In this email he addresses that Plaintiff never sent a notice and he also threatens Plaintiff again with sanctions and a motion to quash the subpoena. He asks for an immediate meeting to confer. ***See Exhibit 55 email Mr. Gruenbeck***

Plaintiff was open to meet and discuss his concerns because Defendant had been served with the notice and subpoena on September 6, 2023. During the meet and confer on September the 28th opposing Counsel and Plaintiff came to an agreement about the subpoena with ADP again the opposing Counsel has concerns about the employee's names that will be revealed on those records and again Plaintiff agrees to allow them to only remove the names and social security numbers if all the other data is left on those reports. After this meet and confer on. Mr. Gruenbeck sent an email informing Ms. Alice Quinn about the meet and confer agreement and this email included Plaintiff. The email that he sent on 9/28/23 also had a previous attached email that he had sent to Alice Quinn prior on September 7, 2023, regarding the Plaintiff subpoena. Plaintiff was not aware of the email or cc on this email to ADP Alice Quinn on 9/7/23. However, this email revealed, the Attorney Mr. Gruenbeck contacted Alice Quinn immediately after I sent him the Subpoenas, and the notice on September the 6th. His statement "she doesn't have an attorney" was a bit odd because it says Pro Se on the Subpoena and furthermore ADP Alice Quinn was aware I was Pro se because that's how I introduced myself when I made the initial contact. His statement in the email saying, "I suspect there may be some defects which

18  **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR TERMINATING SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT THEREOF; DECLARATION.**

would cause you to reject them". This statement shows Mr. Gruenbeck is directing Alice Quinn to disobey the subpoena. *See Exhibit 56 email Mr. Gruenbeck to Alice Quinn 9/7/23.*

After the meet and confer on Sep 28, 2023 Plaintiff did not receive any ADP records from the Defense Counsel until Oct. 19 2023. He sent one employee record from 2019. Mr. Gruenbeck explains that they have only redacted the names and social security numbers. He makes the statement "Nothing else was redacted or deleted" *See Exhibit 61 email from Gruenbeck 10/19/2* The file Gruenbeck provided did have the name and social security number removed, however I wanted to make sure the number of employees were not changed or missing. Plaintiff called Alice Quinn of ADP and asked her to please verify this record that was sent by Mr. Gruenbeck only has the names and social security numbers removed. Over the phone she would not specify the information on the records and made a comment stating "I don't work on payroll" then she said she will look it over and send an email. Ms. Quinn sent an email stating she sent all records to Mr. Gruenbeck from 2019-2023 and the one he sent to me was one employee from 2019. I made a phone call to Ms. Quinn asking if she could verify the number of employees by comparing what he sent and what she had produced before they removed all names and socials. Ms. Quinn sent me an email on 10/25/23 stating the "payroll totals" are the same. I sent an email to her asking for "number of employees total" not payroll total. Plaintiff asked Ms. Quinn if she could send her the copy, she has of that same 2019 record she can remove the name and social security number just as Mr. Gruenbeck. On 10/26/23 I received an email from Ms. Quinn refusing to cooperate by sending me her direct copy that she sent to Mr. Gruenbeck so the record

19  **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR TERMINATING SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT THEREOF; DECLARATION.**

could be authenticated.  Alice Quinn referred me to reach out Mr. Gruenbeck about my "redacted concerns". This is concerning because this was Plaintiff's Subpoena to ADP, Additionally, Plaintiff was acting in good faith in the meet and confer to allow Mr. Gruenbeck to receive the records first and remove his client's employee names and socials. ***See Exhibit 62 Emails between Plaintiff and Ms. Quinn.***

**Defendant's Written Discovery Request Violated the Court Order;**

Other than the deposition that was taken on July 14th no other discovery request was made by the Defendants to the Plaintiff until Sep 27, 2023.  Plaintiff received an email for Defendants Interrogatories, and Production of Documents requested on September 27, 2023. The scheduling Order states that the cutoff date to serve written discovery was 45 days before the cut off Oct 27, 2023 making that date September 12, 2023. During our meet and confer that took place about the ADP Subpoena on September 28th Attorney Gruenbeck asked me if I received their discovery request. Plaintiff asked Counsel if he was aware of the 45-day deadline he says it's 30 days before discovery cut-off (that was incorrect). Defendants served written discovery two weeks after the deadline. Plaintiff served Defendants with objection to their written discovery on October 6th, 2023, ***See Exhibit 58 Plaintiff 's Objection to Defendant's discovery request.***

# LEGAL ARGUMENT:

## Fed Civ. Rule 26 and 37.

20  **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR TERMINATING SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT THEREOF; DECLARATION.**

Plaintiff seeks terminating sanctions for litigation abuses and misconduct detailed throughout this motion.

Pursuant to the Federal Rules of Civil Procedure, if a party "fails to obey an order to provide or permit discovery, including an order under Rule 26(g), or 37(e), the court where the action is pending may issue further just orders."

Defendants violated both Rule 26 (g) and 37 including 37 (e) when they misrepresents certain relevant information, fails to disclose such information, lies during a deposition, or engages in any other deceitful form of discovery,

"Federal Rule of Civil Procedure 37 authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules*." Wyle v. R.J. Reynolds Indus., Inc., 709 F.2d 585, 589 (9th Cir.1983), citing Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976).* In addition, Rule 37 provides for an award of monetary sanctions: if a party fails to obey a discovery order, the party may be required to "pay the reasonable expenses . . . caused by the failure, unless the failure was substantially justified, or other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(b)(2)(C) (emphasis added). Notably, "sanctions may be imposed even for negligent failure to provide discovery*." Fjelstad v. Am. Honda Motor Co., 762 F.2d 1334, 1343 (9th Cir.1985), citing Lew v. Kona Hosp., 754 F.2d 1420, 1427 (9th Cir.1985); Marquis v. Chrysler Corp., 577 F.2d 624, 642 (9th Cir.1978).* A court is permitted to impose the sanction of dismissal or default under Rule 37 only in "extreme circumstances" where the

violation is "due to willfulness, bad faith, or fault of the party." *In re Exxon Valdez, 102 F.3d 429, 432 (9th Cir.1996).*

### Terminating Sanctions;

A court has the "inherent authority" to issue "sanctions in response to abusive litigation practices." *Leon v. IDX Sys. Corp., 464 F.3d 951, 958 (9th Cir. 2006).* One such sanction is the authority to dismiss a case when "a party has engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings" because "courts have inherent power to dismiss or enter a default judgement when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice." Id. *(quoting Anheuser–Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 348 (9th Cir. 1995)).* "It is firmly established that the courts have inherent power to dismiss an action or enter a default judgment to ensure the orderly administration of justice and the integrity of their orders." *Phoceene Sous-Marine, S.A. v. U.S. Phosmarine, Inc., 682 F.2d 802, 806 (9th Cir. 1982) (citations omitted).* Terminating sanctions may issue only upon a finding of willful disobedience or bad faith. In re *Exxon Valdez, 102 F.3d 429, 432 (9th Cir. 1996); Wyle v. R.J. Reynolds Indus., Inc., 709 F.2d 585, 589 (9th Cir. 1983) (the violations must be "due to willfulness, bad faith, or fault of the party").* "To permit the fabrication of spurious corroborating evidence without the imposition of a harsh responsive sanction would constitute an open invitation to abuse of the judicial system of the most egregious kind." *Asia Pac. Agr. & Forestry Co. v. Sester Farms, 2013 WL 4742934, *11 (D. Or. Sept. 3, 2013); see Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 641 (N.D. Cal.*

*1978), aff'd, 645 F.2d 699 (9th Cir. 1981). Garcia v. Berkshire Life Ins. Co. of Am., No. 04-CV-01619-LTB-BNB, 2007 WL 6757307 (D. Colo. Nov. 29, 2007)*

## *Spoliation:*

Under Federal Rule of Civil Procedure 37(e), the Court may sanction a party "if electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because that party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery. Rule 37(e)(1) authorizes, upon a finding of prejudice, sanctions to cure that prejudice, whereas Rule37(e)(2) authorizes sanctions upon a finding that a party intended to deprive another party of information. Under Rule 37(e)(2), if the Court finds that a party intended to deprive another of information, "no separate showing of prejudice is required because 'the finding of intent . . . can support . . . an inference that the opposing party was prejudiced by the loss of information.'" Borum , 332 F.R.D. at 48 (quoting Fed. R. Civ. P. 37(e)

"Spoliation" of evidence occurs when someone with an obligation to preserve evidence with regard to a legal claim neglect to do so or intentionally fails to do so. Such a failure to preserve evidence can take place by destruction of the evidence, damage or altered to the evidence, or losing the evidence. When spoliation occurs, the party responsible may be held accountable in court through a variety of different sanctions. "fabricating evidence has been referred to as the most egregious misconduct which justifies a finding of fraud upon the Court*." Kenno v. Colorado's Governor's Off. of Info. Tech., 2021 WL 2682619, at \*19 (D. Colo. June 30, 2021).*

Before the discovery phase began I Plaintiff sent a spoliation letter to the Defendants on May 18, 2023 ***See Exhibit 57 spoliation letter***.

23  **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR TERMINATING SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT THEREOF; DECLARATION.**

*Penal Code 135 PC* the California statute that makes it a crime for a person to: willfully destroy or hide evidence and do so while knowing such evidence is relevant to a trial, police investigation, inquiry, or other legal proceeding.

### Fraud on the Court:

Fraud upon the Court, an equitable remedy, deals with the integrity of courts and justice. The concept of fraud upon the court correctly challenges a preferential judicial legal principle: the finality of a judgment. A "fraud on the court" as that term has been defined by the 9th Circuit is "an unconscionable plan or scheme which is designed to improperly influence the court in its decision." *England v.Doyle, 281 F.2d 304, 309 (9th Cir. 1960).* A party who is guilty of fraud or misconduct in the prosecution or defense of a civil proceeding, should not be permitted to continue to employ the very institution it has subverted to achieve his or her ends. *Carter v. Carter, 88 So.2d 153, 157 (Fla. 1956).* To constitute fraud on the court, the alleged misconduct must "harm the integrity of the judicial process." *Alexander v. Robertson, 882 F.2d 421, 424 (9th Cir.1989).*

Fraud upon the court should embrace only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication. *Gumport v. China International Trust and Inv. Corp. (In re Intermagnetics America, Inc.), 926 F.2d 912, 916 (9th Cir.1991) (quoting 7 James Wm. Moore et al., Moore's*

24  **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR TERMINATING SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT THEREOF; DECLARATION.**

*Federal Practice ¶ 60.33, at 515 (2d ed. 1978)).* Fraud upon the court includes both attempts to subvert the integrity of the court and fraud by an officer of the court.

## *ATTORNEY MISCONDUCT:*

As a lawyer Tom Gruenbeck is an officer of the Court and owes the fiduciary duties and loyalty. Defense Counsel Mr. Greenback has shown to misrepresent or omit material facts to the court. Mr. Greenback has willfully participated in the acts of his client's perjury and distortion of evidence.

**Attorney Gruenbeck has failed the Rules of Professional Conduct.**

**Rule 3.3**

(a)  A lawyer shall not:

- knowingly* make a false statement of fact or law to a tribunal* or fail to correct a false statement of material fact or law previously made to the tribunal* by the lawyer;

- offer evidence that the lawyer knows* to be false. If a lawyer, the lawyer's client, or a witness called by the lawyer, has offered material evidence, and the lawyer comes to know* of its falsity, the lawyer shall take reasonable* remedial measures, including, if necessary, disclosure to the tribunal,* unless disclosure is prohibited by Business and Professions Code section 6068, subdivision (e) and rule 1.6. A lawyer may refuse to offer evidence, other than the testimony of a defendant in a criminal matter, that the lawyer reasonably believes* is false.

**Rule 3.4**

(a)  A lawyer shall not

- unlawfully obstruct another party's access to evidence, including a witness, or unlawfully alter, destroy or conceal a document or other material having potential evidentiary value. A lawyer shall not counsel or assist another person* to do any such act;" Rule 3.4 - Fairness to Opposing Party and Counsel, Cal. R. Prof'l. Cond. 3.4

- suppress any evidence that the lawyer or the lawyer's client has a legal obligation to reveal or to produce;

- "falsify evidence, counsel or assist a witness to testify falsely, or offer an inducement to a witness that is prohibited by law;" Rule 3.4 - Fairness to Opposing Party and Counsel, Cal. R. Prof'l. Cond. 3.4

While an attorney "should represent his client with singular loyalty that loyalty obviously does not demand that he act dishonestly or fraudulently; on the contrary his loyalty to the court, as an officer thereof, demands integrity and honest dealing with the court." And when he departs from that standard in the conduct of a case, he perpetrated a fraud upon the court.

*Alexander v. Robertson, 882 F.2d 421, 424 (9th Cir. 1989) (citing Kupferman v. Consol. Research & Mfg. Corp., 456 F.2d 1072, 1079 (2d Cir. 1972)).*

26  PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR TERMINATING SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT THEREOF; DECLARATION.

1
2
3
4

# **CONCLUSION**:

5

6        WHEREFORE, based on the foregoing, Plaintiff Nicole Freeling respectfully

7    requests that Court will grant this Motion for Terminating Sanctions for the Defendants

8    discovery abuse throughout this litigation process. I pray the Court will grant relief deemed just

9    and appropriate.

10                                                Respectfully submitted,

11

12   DATE: November 1, 2023,                      By:  *Nicole Freeling*

13

14                                                Nicole Freeling, Pro Se.

15
16
17
18
19
20
21
22
23
24

25   27  **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR TERMINATING SANCTIONS; MEMORANDUM OF POINTS AND**

26   **AUTHORITES IN SUPPORT THEREOF; DECLARATION.**

27
28