THOMAS S. GRUENBECK  CBN 177056
ATTORNEY AT LAW
23120 Alicia Pkwy, Suite 223
Mission Viejo, CA 92692
(949) 453-1874 p
(949) 453-1875 f
thomasgruenbeck@gmail.com

Attorneys for Defendant PCX, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| NICOLE FREELING,<br><br>    Plaintiff,<br><br>    v.<br><br>PCX, INC., a California Corporation; and DOES 1 through 50,<br><br>    Defendants | Case No.: 8:23-cv-00173-DOC-KES<br><br>Judge:  HON. DAVID O. CARTER<br><br>**DEFENDANT'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT; POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:        December 4, 2023<br>Time:       8:30 a.m.<br>Ctrm.:       10A<br><br>Complaint Filed: January 27, 2023<br>Trial Date:     February 6, 2024 |

Defendant PCX, Inc. opposes Plaintiff's Motion for Summary Judgment on the following grounds.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTON AND FACTUAL BACKGROUND**

On January 27, 2023 Plaintiff filed a complaint encaptioned Nicole Freeling v. PCX, Inc. Case #8:23-cv-00173-DOC-(KESx) wherein Plaintiff sues the Defendant for

1
DEFENDANT'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT; POINT AND AUTHORITIES IN SUPPORT

nine causes of action (1) Race Discrimination in Violation of 42 U.S.C. §1981, (2) Hostile Work Environment Based on Race in Violation of 42 U.S.C. §1981, (3) Race Discrimination in Violation of Title VII of the Civil Rights Act of 1964, (4) Hostile Work Environment Based on Race in Violation of Title VII of the Civil Rights Act of 1964, (5) Race Discrimination in Violation of FEHA, Cal. Gov't Code §12940, (6) Hostile Work Environment Based on Race in violation of Cal. Gov't Code §12940, (7) California Equal Pay Act Based on Race in Violation of Labor Code §1197.5(a), (8), Fair Chance Act: Based on Race in violation of Cal. Gov't Code §12952, (9) Immediate Payment of Wages and Waiting Time Penalties Pursuant to California Labor Code §201-203.

Plaintiff applied for a Sales Account Manager position with PCX, Inc. in May, 2022. In her employment application Plaintiff indicated that she had no prior criminal record to report. After going through 3 interviews with Defendant staff Plaintiff was flown to California to go through training at the company headquarters. During the training period Plaintiff alleges she witnessed alleged discriminatory behavior and comments from Defendant's staff. After arriving back home in Indiana Plaintiff received a call from Defendant's staff indicating that a criminal background check revealed that she did have criminal misdemeanor convictions that she did not report and based on that she was terminated. Plaintiff then filed an EEOC complaint and obtained a Right to Sue Letter which was followed by the instant complaint. This Court granted Defendant's 12b Motion to Dismiss and Dismissed Plaintiff's Second, Fourth and Sixth Causes of Action leaving Plaintiff's First, Third, Fifth, Seventh, Eighth and Ninth Causes of Action remaining.

## II.

## PLAINTIFF FAILED TO FILE A SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT.

FRCP §56(c) states in relevant part:
> (c) Procedures.
> (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Additionally, the Scheduling Order & Order RE: Pretrial and Trial Procedures filed in this case on July 17, 2023 (Docket #33) states in relevant part:

> "A. Moving Party's Statement of Uncontroverted Facts and Conclusions of Law. The uncontroverted facts shall be set forth in a two column format. The left hand column shall set forth the allegedly undisputed fact. The right hand column shall set forth the evidence that supports the factual statement. The fact statements shall be set forth in sequentially numbered rows. Each cell should contain a narrowly focused statement of fact, and address a single subject in as concise a manner as possible."

In this case Plaintiff failed to file a Statement of Uncontroverted Facts and Conclusions of Law along with its Motion and Declarations. This motion should therefore summarily be denied.

### III.
### PLAINTIFF FAILED TO MEET AND CONFER WITH DEFENDANT PRIOR TO FILING THE INSTANT MOTION.

L.R. 7-3 Conference of Counsel Prior to Filing of Motions states:
> "In all cases not listed as exempt in L.R. 16-12, and except in connection with discovery motions (which are governed by L.R. 37-1 through 37-4) and applications under F.R.Civ.P. 65 for temporary restraining orders or preliminary injunctions, counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference must take place at least 7 days prior to the filing of the motion. If the parties are unable to reach a resolution that eliminates the necessity for a hearing, counsel for the moving party must include in the notice of motion a statement to the following effect: "This

3
DEFENDANT'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT; POINT AND AUTHORITIES IN SUPPORT

motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date)."

Additionally L.R. 7-12 states:
"L.R. 7-12  Failure to File Required Documents. The Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule. The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion, with the exception that a motion pursuant to F.R.Civ.P. 56 may not be granted solely based on the failure to file an opposition."

In this case Plaintiff failed to contact Defense Counsel to discuss Plaintiff's Motion for Summary Judgment prior to filing and failed to state in her Notice of Motion that she complied with L.R.7-3.  Additionally, Plaintiff failed to file a Statement of Uncontroverted Facts and Conclusions of Law with Plaintiffs Motion and Declarations. As such, the Court may decline to consider the motion pursuant to L.R. 7-4 and L.R. 7-12.

## IV.

## PLAINTIFF FAILS TO MEET HER BURDEN THAT WOULD WARRANT GRANTING SUMMARY JUDGMENT ON THE REMAINING CAUSES OF ACTION.

Summary judgment must be denied if "a rational trier of fact could resolve a genuine issue of material fact in the nonmoving party's favor." *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1083 (9th Cir. 2011).

Despite the fact the Plaintiff fails to file a Statement of Uncontroverted Facts and Conclusions of Law Plaintiff does attempt to argue in her Points and Authorities that she is entitled to Summary Judgment. Unfortunately, many of Plaintiff's offered Exhibits are riddled with evidentiary issues and do not provide a cohesive conclusion that there are no disputes to material facts and conclusions of law.  (See Defendant's Objections to Plaintiff's Exhibits served concurrently herewith.)

A. Plaintiff's §1981, Title VII and FEHA claims.

A plaintiff may establish a prima facie case of disparate treatment by showing: (1) she was a member of a protected class, (2) she was qualified or the position she sought or was performing competently in the position he held, (3) she suffered an adverse employment action, such as termination, demotion, or denial of an available job, and (4) some other circumstance suggests discriminatory motive. *See Guz v. Bechtel Nat. Inc., 24 Cal.4th 317, 354 (2000);* see also Peterson v. Hewlett–Packard Co., 358 F.3d 599, 603 (9th Cir. 2004).

Further, the Court in Comcast Corp. established the "but for" standard of causation for 1981 claims. "To prevail, a plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right." *Comcast Corp. v. National Association of African American –owned Media*, (2020) 589 US 598, 140 S. Ct. 1009, 1019.

Here, Plaintiff must show that "but for race", she would not have suffered the loss of a legally protected right. In reality, the facts are riddled with reasons why Plaintiff was terminated that had nothing to do with her race. First, Plaintiff stated on her Employment Application that she had no prior Convictions. The fact that she lied on her application would have been sufficient to terminate her. Second, her background check showed numerous misdemeanor convictions on her record including convictions for Deception (Fraud) and Conversion (Theft) which would ultimately have prevented Plaintiff from working on US Government contracts serviced by Defendant pursuant to Defense Federal Acquisition Regulation Supplement 252.203-7001. Additionally, as a Government Contractor pursuant to 10 U.S.C. 4656 it is a crime for Defendant to employ anyone convicted of fraud and is exempt from the provisions of The Fair Chance Act codified under California Government Code §12952(d)(1) which states:

California Government Code §12952(d)(1)

(d) This section does not apply in any of the following circumstances:

5
DEFENDANT'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT; POINT AND AUTHORITIES IN SUPPORT

(1) To a position for which a state or local agency is otherwise required by law to conduct a conviction history background check."

Defendant would have no other way of complying with 10 U.S.C. 4656 unless it ran a background check on every employee it intended to hire or run the risk of a criminal sanction. Third, Plaintiff's performance during training led management to decide to terminate Plaintiff because, to the management, she was not a good fit for the company and did not have the skills to perform well. In fact, had race been an issue in Plaintiff's employment Defendant would never had hired her in the first place since Defendant knew Plaintiff's race from the very beginning since the initial hiring interviews were done via Zoom video. In short, Plaintiff does not submit sufficient admissible evidence to show there are uncontroverted facts and conclusions of law to support a Judgment for Plaintiff.

B. <u>Plaintiff's Seventh Cause of Action regarding the Equal Pay Act.</u>

Plaintiff provides no credible admissible evidence that Plaintiff was paid less just because of her race. Each employee was offered a starting salary based on education, training, skill and experience. Plaintiff simply argues that Defendant has not met its burden and that Defendant did answer discovery questions about race. (See Plaintiff's motion, page 21, lines 15-19).

C. <u>Plaintiff's Eighth Cause of Action regarding the California Fair Chance Act</u>.

As stated previously, as a Government Contractor pursuant to 10 U.S.C. 4656 it is a crime for Defendant to employ anyone convicted of fraud and is exempt from the provisions of The Fair Chance Act codified under California Government Code §12952 (d)(1). Defendant would have no other way of complying with 10 U.S.C. 4656 unless it ran a background check on every employee it intended to hire. Plaintiff offers no admissible evidence to support Plaintiff is entitled summary judgment on this cause of action.

D. <u>Plaintiff's Ninth Cause of Action for Waiting Time Penalties.</u>

6
DEFENDANT'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT; POINT AND AUTHORITIES IN SUPPORT

(1) To a position for which a state or local agency is otherwise required by law to conduct a conviction history background check."

Defendant would have no other way of complying with 10 U.S.C. 4656 unless it ran a background check on every employee it intended to hire or run the risk of a criminal sanction. Third, Plaintiff's performance during training led management to decide to terminate Plaintiff because, to the management, she was not a good fit for the company and did not have the skills to perform well. In fact, had race been an issue in Plaintiff's employment Defendant would never had hired her in the first place since Defendant knew Plaintiff's race from the very beginning since the initial hiring interviews were done via Zoom video. In short, Plaintiff does not submit sufficient admissible evidence to show there are uncontroverted facts and conclusions of law to support a Judgment for Plaintiff.

B. <u>Plaintiff's Seventh Cause of Action regarding the Equal Pay Act.</u>

Plaintiff provides no credible admissible evidence that Plaintiff was paid less just because of her race. Each employee was offered a starting salary based on education, training, skill and experience. Plaintiff simply argues that Defendant has not met its burden and that Defendant did answer discovery questions about race. (See Plaintiff's motion, page 21, lines 15-19).

C. <u>Plaintiff's Eighth Cause of Action regarding the California Fair Chance Act</u>.

As stated previously, as a Government Contractor pursuant to 10 U.S.C. 4656 it is a crime for Defendant to employ anyone convicted of fraud and is exempt from the provisions of The Fair Chance Act codified under California Government Code §12952 (d)(1). Defendant would have no other way of complying with 10 U.S.C. 4656 unless it ran a background check on every employee it intended to hire. Plaintiff offers no admissible evidence to support Plaintiff is entitled summary judgment on this cause of action.

D. <u>Plaintiff's Ninth Cause of Action for Waiting Time Penalties.</u>

6
DEFENDANT'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT; POINT AND AUTHORITIES IN SUPPORT

Plaintiff again fails to provide any admissible solid or tangible evidence to support Plaintiff is entitled summary judgment on this cause of action. Plaintiff fails to state how much is allegedly owed or what the penalties allegedly are or how Defendant violated the Labor Law.

## V.
## CONCLUSION.

Based on the foregoing Plaintiff's motion for Summary Judgment should be denied.

Dated:  November 14, 2023

/s/Tom Gruenbeck /s/
Thomas Gruenbeck
Attorney for Defendant
PCX, Inc.

PROOF OF SERVICE

STATE OF CALIFORNIA  )
                     ) ss.
COUNTY OF ORANGE     )

I am employed in the county of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 23120 Alicia Pkwy, Suite 223, Mission Viejo, CA 92692.

On November 14, 2023, I served the foregoing document described as:

OPPOSITION TO MOTION FOR SUMMARY JUDGMENT; POINTS AND AUTHORITIES IN SUPPORT

Upon all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope with postage fully prepaid in the United States mail at Mission Viejo, California addressed as follows:

| Nicole Freeling<br>8631 Sierra Ridge Dr. Apt F<br>Indianapolis, IN 46239<br>n.freeling@outlook.com | | |
|---|---|---|

(  )    (BY US MAIL)  I caused such envelope with postage thereon fully prepaid to be placed in the United States Mail at Mission Viejo, California.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Mission Viejo, California in the ordinary course of business.

( X )   ELECTRONIC SERVICE  I electronically served a true and correct copy of the above referenced document on the interested parties at the email addresses stated above.

( X )   (FEDERAL)  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

(  )    (BY PERSONAL SERVICE)  I caused such envelope to be delivered by hand to the office of the addressee

        Executed this November 14, 2023, at Mission Viejo, California.

/s/  Tom Gruenbeck /s/
Thomas S. Gruenbeck

8
DEFENDANT'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT; POINT AND AUTHORITIES IN SUPPORT