THOMAS S. GRUENBECK  CBN 177056
ATTORNEY AT LAW
23120 Alicia Pkwy, Suite 223
Mission Viejo, CA 92692
(949) 453-1874 p
(949) 453-1875 f
thomasgruenbeck@gmail.com

Attorneys for Defendant PCX, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| NICOLE FREELING,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>PCX, INC., a California Corporation; and DOES 1 through 50,<br><br>　　　Defendants | Case No.: 8:23-cv-00173-DOC-KES<br><br>Judge:  HON. DAVID O. CARTER<br><br>**DEFENDANT'S OPPOSITION TO MOTION FOR TERMINATING SANCTIONS; POINTS AND AUTHORITIES; DECLARATION OF THOMAS GRUENBECK IN SUPPORT**<br><br>Date:　　　December 4, 2023<br>Time:　　　8:30 a.m.<br>Ctrm.:　　　10A<br><br>Complaint Filed: January 27, 2023<br>Trial Date:　　February 6, 2024 |

Defendant PCX, Inc. opposes Plaintiff's Motion for Terminating Sanctions on the following grounds.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### PLAINTIFF FAILED TO MEET AND CONFER WITH DEFENDANT PRIOR TO FILING THE INSTANT MOTION.

1
DEFENDANT'S OPPOSITION TO MOTION FOR TERMINATING SANCTIONS; POINTS AND AUTHORITIES; DECLARATION OF THOMAS GRUENBECK IN SUPPORT

L.R. 7-3 Conference of Counsel Prior to Filing of Motions states:

> "In all cases not listed as exempt in L.R. 16-12, and except in connection with discovery motions (which are governed by L.R. 37-1 through 37-4) and applications under F.R.Civ.P. 65 for temporary restraining orders or preliminary injunctions, counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference must take place at least 7 days prior to the filing of the motion. If the parties are unable to reach a resolution that eliminates the necessity for a hearing, counsel for the moving party must include in the notice of motion a statement to the following effect: "This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date)."

In this case Plaintiff failed to contact Defense Counsel to discuss Plaintiff's Motion for Terminating Sanctions prior to filing and failed to state in her Notice of Motion that she complied with L.R.7-3. As such, the Court may decline to consider the motion pursuant to L.R. 7-4 and L.R. 7-12.

## II.

## NO SANCTIONS ARE WARRANTED ESPECIALLY TERMINATING SANCTIONS FOR ALLEGED CONDUCT

A terminating sanction, such as dismissal, is appropriate only when "a party has engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings." Leon, 464 F.3d at 958 (quoting Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 348 (9th Cir. 1995)). In determining whether dismissal is warranted, the Court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."3 Id. (quoting Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 348 (9th Cir. 1995)). "Dismissal under a court's inherent powers is justified in extreme circumstances, in response to abusive litigation practices, and to insure the orderly administration of justice

1  and the integrity of the court's orders." Halaco Engineering Co. v. Costle, 843 F.2d 376,
2  380 (9th Cir. 1988).   The thresholds for terminating sanctions under the Court's inherent
3  power and under Rule 37 are largely identical.  Under Rule 37, terminating sanctions are
4  reserved for cases in which a party's noncompliance is due to "willfulness, fault, or bad
5  faith." Computer Task Group, Inc. v. Brotby, 364 F.3d 1112, 1115 (9th Cir. 2003); In re
6  Exxon Valdez, 102 F.3d 429, 432 (9th Cir. 1996). Similarly, dismissal is warranted under
7  Rule 37 only when "no lesser sanction is adequate to cure the prejudice from the
8  offending conduct."  Lewis v. Ryan, 261 F.R.D. 519, 522 (S.D. Cal. 2009) (citing In re
9  Napster, Inc. Copyright Litig., 462 F. Supp. 2d 1060, 1072 (N.D. Cal. 2006)).

In this case Plaintiff's accusations against Defendant and its Counsel of discovery abuse are outrageous, baseless, frivolous and completely shocking to the Defendant. Plaintiff goes on a tirade of accusations regarding discovery abuses that never occurred. What appears obvious is Plaintiff is frustrated that the discovery she believes is out there somewhere is not available to her and Plaintiff now believes the Defendant and its Counsel are somehow conspiring to deprive Plaintiff of this information.

The public does have an interest in expeditious resolution of litigation.  This case is not even one year old and trial is set only 13 months after filing.  This case would be expeditiously resolved with the court managing its docket quite efficiently.  The risk of prejudice to Plaintiff here is non existent as Defendant has not done anything to warrant such a sanction.  Public policy always favors disposition of cases on their merits especially when the parties are so close to trial and the Plaintiff has provide no credible evidence of wrongdoing.  Lastly the availability of less drastic sanctions is present here where the Defendant could be ordered to confirm it has produced all requested documentation and evidence requested by the Plaintiff.

As detailed in the declaration of Thomas Gruenbeck attached, the Defense has done nothing wrong.  It has not fabricated evidence, destroyed evidence or deprived

Plaintiff of any evidence it was entitled to with one exception: The preservation of the names and contact information of its prior and current employees. The Defendant has no duty to help Plaintiff find the information she is looking for except to respond to Plaintiff's discovery requests and participate in depositions. Plaintiff apparently is looking for detailed information about race and gender statistics from former employees of Defendant PCX, Inc. Plaintiff is flustered that Defendant did not produce to her what she was expecting. Though it was explained several times to Plaintiff that Defendant does not track or keep record of employees race or gender Plaintiff just could not accept this fact and instead comes out swinging and blindly accuses the Defendant and its Counsel of spoilation of evidence and ethical violations. Plaintiff made no effort to discuss with Defendant all these issues and alleged discrepancies prior to filing of the instant motion. Could Plaintiff have filed a Motion to Compel Further Responses to Discovery? Yes. Did Plaintiff do so? No she did not. Did Plaintiff speak to Defendant about her alleged discoveries? No she did not. Plaintiff simply kept her silence and waited until the last day to file a motion then decided to go for the thermonuclear option.

## V.
## CONCLUSION.

Based on the foregoing Plaintiff's motion for Terminating Sanctions should be denied.

Dated:  November 14, 2023

/s/Tom Gruenbeck /s/
Thomas Gruenbeck
Attorney for Defendant
PCX, Inc.

PROOF OF SERVICE

STATE OF CALIFORNIA  )
                     ) ss.
COUNTY OF ORANGE     )

I am employed in the county of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 23120 Alicia Pkwy, Suite 223, Mission Viejo, CA 92692.

On November 14, 2023, I served the foregoing document described as:

OPPOSITION TO MOTION FOR SUMMARY JUDGMENT; POINTS AND AUTHORITIES IN SUPPORT

Upon all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope with postage fully prepaid in the United States mail at Mission Viejo, California addressed as follows:

| Nicole Freeling<br>8631 Sierra Ridge Dr. Apt F<br>Indianapolis, IN 46239<br>n.freeling@outlook.com | | |
|---|---|---|

(  )    (BY US MAIL)  I caused such envelope with postage thereon fully prepaid to be placed in the United States Mail at Mission Viejo, California.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under

5
DEFENDANT'S OPPOSITION TO MOTION FOR TERMINATING SANCTIONS; POINTS AND AUTHORITIES; DECLARATION OF THOMAS GRUENBECK IN SUPPORT

that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Mission Viejo, California in the ordinary course of business.

( X )  ELECTRONIC SERVICE  I electronically served a true and correct copy of the above referenced document on the interested parties at the email addresses stated above.

( X )   (FEDERAL)  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

(   )   (BY PERSONAL SERVICE)  I caused such envelope to be delivered by hand to the office of the addressee

         Executed this November 14, 2023, at Mission Viejo, California.

/s/  Tom Gruenbeck /s/
Thomas S. Gruenbeck

DEFENDANT'S OPPOSITION TO MOTION FOR TERMINATING SANCTIONS; POINTS AND AUTHORITIES; DECLARATION OF THOMAS GRUENBECK IN SUPPORT