Nicole Freeling
8631 Sierra Ridge Dr. Apt F.
Indianapolis, In 46239
317-500-8757
Plaintiff in Pro per
n.freeling@outlook.com

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CAIFORNIA, SANTA ANA DIVISION

JURISDICTION

| | |
|---|---|
| NICOLE FREELING<br><br>        Plaintiff,<br><br>vs.<br><br>PCX, INC., a California Corporation; and DOES 1through 50,<br><br>        Defendant | **Case No**: 8:23-cv-00173-DOC-KES<br><br>**PLAINTIFFS' REPLY TO DEFENDANTS OPPOSTIONT TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>December 4th, 2023<br><br>8:30 AM<br><br> HON. JUDGE DAVID O. CARTER<br><br>COURT ROOM: 10A |

## PLAINTIFFS' REPLY TO DEFENDANTS OPPOSTIONT TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

COMES NOW Plaintiff, to the Honorable Court respectfully state:

I. Plaintiff submits this reply to Defendant's Opposition to Motion for Summary Judgement. Plaintiff filed Motion for Summary Judgment on Nov 1 2023.

II. **Defendant's first Argument is that Plaintiff failed to file separate statements of uncontroverted facts and conclusion of Law.**

1 PLAINTIFFS' REPLY TO DEFENDANTS OPPOSTIONT TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff does not disagree with the Defendants the statements of uncontroverted facts and conclusion of law was not filed in the CACD system it was an error when trying to upload numerous documents and exhibits. My uncontroverted facts were left out in my third try of uploading the documents. I Plaintiff take full accountability for this document not being uploaded in the system with the motion. However, the statements of uncontroverted facts and conclusion of law was emailed to Deputy Clerk email address and Defense counsel received a served copy on the same day that all the documents were uploaded Nov 1st, 2023, I am also adding the uncontroverted facts to the docket now and ***see Exhibit 64 email of served uncontroverted facts and conclusion of law to defense counsel and email sent to Deputy Clerk***

### III. <u>Defendants argued that Plaintiff did not have meet and confer in regard to the MSJ.</u>

Because the scheduling order was in place and had already had the hearing date set of December 4rd 2023, and the dates for all motion deadlines were set forth, Plaintiff thought I was following the instructions mapped out in the Scheduling *order see DKT 33 on page 4 and 5 which states:*

**VI. Motions Generally** Counsel should note the timing and service requirements of Local Rules 6 and 7 and its subparts including: (1) Rule 6-1: Notice of motion and the moving papers must be filed and served twenty-eight (28) days before the noticed hearing date, unless the notice is served by mail, in which case service is required thirty-one (31) days prior to the noticed hearing date; (2) Rule 7-9: Opposing papers shall be filed twenty-one (21) calendar days before the hearing date; and (3) Rule 7-10: Reply papers, if any, shall be filed fourteen (14) calendar days before the hearing date. (4) Rule 7-11: If the hearing date is continued, the deadlines for filing opposing and reply papers are automatically extended unless the Court orders otherwise. Counsel must comply with the timing requirements of the Local Rules so that chambers can properly prepare for motion matters VII. Motions for Summary Judgment The motion cut-off date is the day that the Court will hear motions for summary judgment. Thus, motions must be filed several weeks in advance of this date as required by Local Rule 6. In general, the Court will hear only one motion for summary judgment per party. Cross motions for summary judgment will all be heard on the same day, after the close of discovery. In other words, the Court will not entertain piecemeal motions for partial summary judgment before the factual record is complete.

### IV. <u>Defendants argues that Plaintiff fails to meet Burden that would warrant granting summary judgment in the remaining causes of actions.</u>

Summary judgment is appropriate if there is no genuine issue as to any material fact and a moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a). The moving the party bears the initial burden of establishing there is no genuine issue of material fact. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). To defeat the motion for summary judgment, the responding party must present admissible evidence sufficient to establish any of

the elements that are essential to the moving party's case and for which that party will bear the burden of proof at trial. See id.; Taylor v. List, 880 F. 2d 1040, 1045 (9th Cir. 1989).

### A.  Plaintiff's §1981, Title VII and FEHA claims

A plaintiff may establish a prima facie case of disparate treatment by showing: (1) she was a member of a protected class, (2) she was qualified or the position she sought or was performing competently in the position he held, (3) she suffered an adverse employment action, such as termination, demotion, or denial of an available job, and (4) some other circumstance suggests discriminatory motive. See Guz v. Bechtel Nat. Inc., 24 Cal.4th 317, 354 (2000); see also Peterson v. Hewlett–Packard Co., 358 F.3d 599, 603 (9th Cir. 2004).

Plaintiff agrees with the elements listed in the Defendants opposition above and Plaintiff has met those element requirements to prove race discrimination based on race. In Plaintiff MSJ the facts are not disputed that PCX in fact broke both federal and state laws when they chose to discrimination based on race. Plaintiff argued how she is entitled to summary judgment as a matter law by presenting fact with the evidence needed to prove race discrimination.

Again, in their motion the Defendants are being dishonest pertaining to 10 U.S.C. 4656. The Defendants stated in their motion on page 5 "her record including convictions for Deception (Fraud) and Conversion (Theft) which would ultimately have prevented Plaintiff from working on US Government contracts serviced by Defendant pursuant to Defense Federal Acquisition Regulation Supplement 252.203-7001. Additionally, as a Government Contractor pursuant to 10 U.S.C. 4656 it is a crime for Defendant to employ anyone convicted of fraud and is exempt from the provisions of The Fair Chance Act."

Defendants are still stating "Fraud" and not cable Deception is still very much misleading the court. Defendants have a full background report of all of Plaintiff's criminal history and the offense Deception from 2005 and it is not categorized as a Fraud charge and the Defendants have not shown any evidence of a charge listed as Fraud included in any of the Plaintiff criminal history and background. Furthermore, I have raised concerns in the MJS and the Motion for Terminating Sanctions this is very alarming for the Defendants and Defense counsel to confuse and manipulate the law to try and make it fit for another reason for Plaintiff's termination.

3 PLAINTIFFS' REPLY TO DEFENDANTS OPPOSTIONT TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Defense has been disingenuous pertaining to statute 10 U.S.C. 4656 and has not pointed out where in the law does this support their defenses for the Plaintiffs' termination. However, Defendants are quoting 10 U.S.C. 4656 throughout the motion and on the 26f report but nowhere has the Defense or Defendants shown what the law addresses or how this pertains directly to the Plaintiff. Plaintiff is showing below what 10 U.S.C. 4656 law states and addresses and how this is not connecting.

**10 U.S.C. 4656**

10 U.S. Code § 4656 - Prohibition on persons convicted of defense-contract related felonies and related criminal penalty on defense contractors.

**(a)PROHIBITION.— (1)An individual who is convicted of fraud or any other felony arising out of a contract with the Department of Defense shall be prohibited from each of the following**

(A)Working in a management or supervisory capacity on any defense contract or any first tier subcontract of a defense contract.(B)Serving on the board of directors of any defense contractor or any subcontractor awarded a contract directly by a defense contractor. (C)Serving as a consultant to any defense contractor or any subcontractor awarded a contract directly by a defense contractor. (D)Being involved in any other way, as determined under regulations prescribed by the Secretary of Defense, with a defense contract or first tier subcontract of a defense contract. (2)Except as provided in paragraph (3), the prohibition in paragraph (1) shall apply for a period, as determined by the Secretary of Defense, of not less than five years after the date of the conviction. (3)The prohibition in paragraph (1) may apply with respect to an individual for a period of less than five years if the Secretary determines that the five-year period should be waived in the interests of national security. (4)The prohibition in paragraph (1) does not apply with respect to the following: (A)A contract referred to in subparagraph (A), (B), (C), or (D) of such paragraphs that is not greater than the simplified acquisition threshold (as defined in section 134 of title 41). (B)A contract referred to in such subparagraph that is for the acquisition of commercial products or commercial services (as defined in sections 103 and 103a, respectively, of title 41). (C)A subcontract referred to in such subparagraph that is under a contract described in subparagraph (A) or (B). (b)CRIMINAL PENALTY.—A defense contractor or subcontractor shall be subject to a criminal penalty of not more than $500,000 if such contractor or subcontractor is convicted of knowingly— (1)employing a person under a prohibition under subsection (a); or (2)allowing such a person to serve on the board of directors of such contractor or subcontractor. (c)SINGLE POINT OF CONTACT FOR INFORMATION.— (1)The Attorney General shall ensure that a single point of contact is established to enable a defense contractor or subcontractor to promptly obtain information regarding whether a person that the contractor or subcontractor proposes to use for an activity covered by paragraph (1) of subsection (a) is under a prohibition under that subsection. (2)The procedure for obtaining such information shall be specified in regulations prescribed by the Secretary of Defense under subsection (a).

**Acquisition Regulation Supplement 252.203-7001**

**PROHIBITION ON PERSONS CONVICTED OF FRAUD OR OTHER DEFENSE-CONTRACT-RELATED FELONIES (JAN 2023)**

4 PLAINTIFFS' REPLY TO DEFENDANTS OPPOSTIONT TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

(A) DEFINITIONS. AS USED IN THIS CLAUSE— (1) "ARISING OUT OF A CONTRACT WITH THE DOD" MEANS ANY ACT IN CONNECTION WITH— (I) ATTEMPTING TO OBTAIN; (II) OBTAINING; OR (III) PERFORMING A CONTRACT OR FIRST-TIER SUBCONTRACT OF ANY AGENCY, DEPARTMENT, OR COMPONENT OF THE DEPARTMENT OF DEFENSE (DOD). (2) "CONVICTION OF FRAUD OR ANY OTHER FELONY" MEANS ANY CONVICTION FOR FRAUD OR A FELONY IN VIOLATION OF STATE OR FEDERAL CRIMINAL STATUTES, WHETHER ENTERED ON A VERDICT OR PLEA, INCLUDING A PLEA OF NOLO CONTENDERE, FOR WHICH SENTENCE HAS BEEN IMPOSED. (3) "DATE OF CONVICTION" MEANS THE DATE JUDGMENT WAS ENTERED AGAINST THE INDIVIDUAL. (B) ANY INDIVIDUAL WHO IS CONVICTED AFTER SEPTEMBER 29, 1988, OF FRAUD OR ANY OTHER FELONY ARISING OUT OF A CONTRACT WITH THE DOD IS PROHIBITED FROM SERVING— (1) IN A MANAGEMENT OR SUPERVISORY CAPACITY ON THIS CONTRACT; (2) ON THE BOARD OF DIRECTORS OF THE CONTRACTOR; (3) AS A CONSULTANT, AGENT, OR REPRESENTATIVE FOR THE CONTRACTOR; OR (4) IN ANY OTHER CAPACITY WITH THE AUTHORITY TO INFLUENCE, ADVISE, OR CONTROL THE DECISIONS OF THE CONTRACTOR WITH REGARD TO THIS CONTRACT. (C) UNLESS WAIVED, THE PROHIBITION IN PARAGRAPH (B) OF THIS CLAUSE APPLIES FOR NOT LESS THAN 5 YEARS FROM THE DATE OF CONVICTION. (D) 10 U.S.C. 4656 PROVIDES THAT THE CONTRACTOR SHALL BE SUBJECT TO A CRIMINAL PENALTY OF NOT MORE THAN $500,000 IF CONVICTED OF KNOWINGLY— (1) EMPLOYING A PERSON UNDER A PROHIBITION SPECIFIED IN PARAGRAPH (B) OF THIS CLAUSE; OR (2) ALLOWING SUCH A PERSON TO SERVE ON THE BOARD OF DIRECTORS OF THE CONTRACTOR OR FIRST-TIER SUBCONTRACTOR. (E) IN ADDITION TO THE CRIMINAL PENALTIES CONTAINED IN 10 U.S.C. 4656, THE GOVERNMENT MAY CONSIDER OTHER AVAILABLE REMEDIES, SUCH AS— (1) SUSPENSION OR DEBARMENT; (2) CANCELLATION OF THE CONTRACT AT NO COST TO THE GOVERNMENT; OR (3) TERMINATION OF THE CONTRACT FOR DEFAUL

I believe Mr. Gruenbeck has been an attorney for years and I'm sure he knows and understands the laws very well. Mr. Gruenbeck has an obligation to educate his client on the interpretation and meaning of the law. This law does not pertain to the Plaintiff for two reasons;

1. Plaintiff has never been convicted are charged with fraud or a felony.

2. Plaintiff has never been convicted of fraud or any other felonies or any felonies arising out of a contract with The Department of Defense (DOD).

**(B) Plaintiffs Seventh Cause of Action regarding the Equal Pay Act**

Plaintiff is entitled to summary judgment as a matter of law pertaining to the equal pay act. Plaintiff presented facts with evidence in MSJ pertaining to the law. Defendants have not met any burden of proof that contradicts or disproves the evidence that was presented by the Plaintiff.

**(C) Plaintiffs Eight Cause of Action regarding The California Fair Chance Act**

As stated early in this reply and in the MSJ shows why Plaintiff is entitled to summary judgment on the Fair Chance Act. Defendants claim exemption from this law, but this is still not true. Other than quoting the statue pertaining to government contracts the Defendants have not provided documentation or proof from the California civil rights department stating that PCX is indeed exempt. Defendants are using manipulation in their motion also by saying PCX must run background checks on all employees, The Fair Chance Act is not stating that employers can't run background checks, but the law clearly states that employers follow protocol when they do. Banned the Box is clearly talking about removing the criminal history questions from the application. I believe the Defendants understands what this law is stating because it proven through discovery Production of Documents giving by PCX, shows that after Plaintiff made this allegation to the EEOC the Defendants has clearly updated their application that no longer ask the criminal history questions and no longer have box, the application is now in compliance with the Banned the Box Law. *See exhibit 65 PCX before and after applications.*

### (D) Plaintiffs Ninth Cause of Action for Waiting Time Penalties

Plaintiff is entitled to summary judgment as a matter of law pertaining to waiting time penalties. Plaintiff has presented all facts with supporting evidence in motion for Summary Judgment

### DEFENDANTS DID NOT FILE THEIR OPPOSTIONT TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON TIME

**L.R. 7-9 Opposing Papers.** Each opposing party shall, not later than ten (10) days after service of the motion in the instance of a new trial motion and not later than twenty-one (21) days before the date designated for the hearing of the motion in all other instances, serve upon all other parties and file with the Clerk either (a) the evidence upon which the opposing party will rely in opposition to the motion and a brief but complete memorandum which shall contain a statement of all the reasons in opposition thereto and the points and authorities upon which the opposing party will rely, or (b) a written statement that that party will not oppose the motion. Evidence presented in all opposing papers shall comply with the requirements of L.R. 7-6, 7-7 and 7-8

The hearing date has always been set for December 4, 2023. 21 days before this hearing date would have been Monday November 13th not Tuesday November 14th. The Defendants' opposition motion was filed a day after the cut off. Additionally, Plaintiff was never served these documents like the proof of service is stating from the Defense counsel Mr. Gruenbeck.

6 PLAINTIFFS' REPLY TO DEFENDANTS OPPOSTIONT TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

### V.                                      CONCLUSION

Plaintiff respectfully asks that the Court to consider the merits and grant motion for summary judgment.

DATE: November 17, 2023                      Respectfully submitted,

                                                                 **Nicole Freeling, Pro se.**