Nicole Freeling

8631 Sierra Ridge Dr. Apt. F

Indianapolis, IN 46239

317-500-8757

Plaintiff in Pro Se.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CAIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| NICOLE FREELING, | Case No.: 8:23-cv-00173-DOC-KES |
| | Judge: HON. DAVID CARTER |
| Plaintiff, | |
| vs. | **PLAINTIFF'S REPLY TO** |
| | **DEFENDANTS OPPOSITION TO** |
| PCX, INC., a California Corporation; and | **MOTION FOR TERMINATING** |
| DOES 1through 50, | **SANCTIONS** |
| Defendant, | |

**PLAINTIFFS' REPLY TO DEFENDANTS OPPOSTIONT TO PLAINTIFF'S MOTION FOR TERMINATING SANCTIONS.**

COMES NOW Plaintiff, to the Honorable Court respectfully state:

    **I.    PLAINTIFF DID NOT FAIL TO MEET AND CONFER WITH DEFENDANTS PROIR TO FILLING MOTION.**

---

1 PLAINTIFF'S REPLY TO DEFENDANTS OPPOSTION TO MOTION FOR TERMINATING SANCTIONS

Plaintiff met with Defense counsel on September 19th pertaining to discovery about what they did and did not produce. During this meet and confer it was obvious that the Defendants was not going to be upfront and honest about any of the discovery. Plaintiff acted in good faith by giving extensions when they needed them also with allowing them to not reveal the name of employees if they provide race and gender. During the discovery I made compromises for a fair and decent discovery hoping to not have to involve the Judge. Additionally, Plaintiff is in no position to contribute to an appointed Master. Defendants had numerous chances to be fair and honest, but they made the choices not to. Plaintiff didn't wait to the last day to file the motion like the Defendants are stating Plaintiff filed and served motions according to the Scheduling orders instructions and dates. ***Please see Plaintiff declaration addressing the meet and confer attached to the termination sanction motion Dkt. 48***

## II.  TERMINATING SANCTIONS SHOULD BE WARRANTED FOR THE CONDUCT OF SPOILATION, FRAUD UPON THE COURT AND VIOLATIONS OF FRCP 26 AND 37 BY THE DEFENSE COUNSEL AND THE DEFENDANTS.

Defendants argue that this is "outrageous, baseless frivolous and completely shocking to the Defendant". Plaintiff has a hard time believing that. The problem is the Defendants want the Plaintiff and the Courts to take their word for it while showing no evidence that contradicts any of the allegations that the Plaintiff presented in the motion. Plaintiff was not in the state of mind of flustered, nor is this a figment of my imagination. Every detail presented to the Court laid out in the motion for terminating sanctions is collaborated by credible evidence that comes directly from the Defense counsel's emails, both Defendants and Defense Counsel own statements, testimonies, written discovery, and production of documents that they provided during discovery. This terminating motion has absolutely nothing to do with how the Plaintiff is feeling.

Defendants had every opportunity to be honest during the discovery they chose not to, Defendants had every opportunity to play by the rules they chose not to, Defendants had every opportunity to produce documents not altered or fabricated they chose not to. The Defendants have made these choices, and they should be held accountable accordingly.

## III.  DEFENDANTS DID NOT FILE THEIR OPPOSTIONT TO PLAINTIFF'S MOTION FOR TERMINATING SANCTIONS ON TIME

**L.R. 7-9 Opposing Papers.** Each opposing party shall, not later than ten (10) days after service of the motion in the instance of a new trial motion and not later than twenty-one (21) days before the date designated for the hearing of the motion in all other instances, serve upon all other parties and file with the Clerk either (a) the evidence upon which the opposing party will rely in opposition to the motion and a brief but complete memorandum which shall contain a statement of all the reasons in opposition thereto and the points and authorities upon which the opposing

2  **PLAINTIFF'S REPLY TO DEFENDANTS OPPOSTION TO MOTION FOR TERMINATING SANCTIONS**

party will rely, or (b) a written statement that that party will not oppose the motion. Evidence presented in all opposing papers shall comply with the requirements of L.R. 7-6, 7-7 and 7-8

The hearing date has always been December 4, 2023. 21 days before the hearing date would have been Monday November 13th not Tuesday November 14th. The Defendants' opposition motion was filed a day after the cut off. Additionally, Plaintiff was never served these documents like the proof of service is stating from the Defense counsel.

## IV.     CONCLUSION

Plaintiff respectfully asks that the Court consider the merits and grant motion for terminating sanctions.

DATED:  Nov 17, 2023,                         By:     *Nicole Freeling*
                                                                         Nicole Freeling, Pro Se.

3  **PLAINTIFF'S REPLY TO DEFENDANTS OPPOSTION TO MOTION FOR TERMINATING SANCTIONS**