THOMAS S. GRUENBECK  CBN 177056
ATTORNEY AT LAW
23120 Alicia Pkwy, Suite 223
Mission Viejo, CA 92692
(949) 453-1874 p
(949) 453-1875 f
thomasgruenbeck@gmail.com

Attorneys for Defendant PCX, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| NICOLE FREELING, | Case No.: 8:23-cv-00173-KK-KES |
| Plaintiff, | Judge:  HON. KENLEY KIYA KATO |
| v. | DEFENDANT'S CASE MANAGEMENT STATEMENT |
| PCX, INC., a California Corporation; and DOES 1 through 50, | |
| Defendants | Complaint Filed: January 27, 2023<br>Trial Date:         February 6, 2024 |

Defendant PCX, Inc. provides the following Case Management Statement pursuant to the Reassignment Order dated November 22, 2023:

a) Complaint filed on January 27, 2023.

b) Plaintiff is Nicole Freeling. Defendant is PCX, Inc, a California corporation.

c)       (1) Race Discrimination 42 U.S.C. §1981

         (2) Hostile Work Environment Based on Race 42 U.S.C. §1981

         (3) Race Discrimination, Title VII, Civil Rights Act of 1964

         (4) Hostile Work Environment Based on Race, Title VII, Civil Rights Act of 1964,

         (5) Race Discrimination ,FEHA, Cal. Gov't Code §12940

         (6) Hostile Work Environment Based on Race, Cal. Gov't Code §12940

1
DEFENDANT'S CASE MANAGEMENT STATEMENT

   (7) California Equal Pay Act Based on Race, Labor Code §1197.5(a)

   (8) Fair Chance Act: Based on Race, Cal. Gov't Code §12952

   (9) Wage and Waiting Time Penalties, California Labor Code §201-203.

d) Plaintiff applied for a Sales Account Manager position with PCX, Inc. in May, 2022. In her employment application Plaintiff indicated that she had no prior criminal record to report. After going through 3 video interviews with Defendant's staff, Plaintiff was flown to California at Company expense and paid to go through training at the company headquarters. During the training period Plaintiff alleges she witnessed alleged discriminatory behavior and comments from Defendant's staff. After arriving back home in Indiana Plaintiff received a call from Defendant's staff indicating that a criminal background check revealed that she did have criminal misdemeanor convictions that she did not report and based on that she was terminated during the weekend. Plaintiff received her final paycheck approximately 2-3 days after termination. Plaintiff then filed an EEOC complaint and obtained a Right to Sue Letter which was followed by the instant complaint.

e) Plaintiff seeks unspecified monetary relief. Plaintiff has only offered to settle for specified amount during mediation.

f) 3 Depositions were taken by each party on July 12, and July 14, 2023. Plaintiff served written discovery on July 27, 2023, which included Interrogatories, Request for Production of Documents and Admissions. Defendants served their written discovery request on September 27, 2023. Discovery cut-off date; October 27, 2023.

g) Complaint was filed on January 27, 2023; after meeting and conferring with Defendant Plaintiff filed a first Amended Complaint on February 28th, 2023. Defendant filed an FRCP 12(b) Motion to Dismiss on April 4, 2023; Plaintiff opposed to Defendant's motion to dismiss include a motion to expedite discovery on April 21st, 2023. The motion hearing date was June 5, 2023. On that date Honorable Judge Carter ruled only on the motion for expedited discovery and ordered Plaintiff to take the Deposition of Gil

2

DEFENDANT'S CASE MANAGEMENT STATEMENT

Aouizerat on or before July 12, 2023 and the deposition of David Ratliff on or before July 13, 2023 (Docket #22). Plaintiff took the deposition of Gil Aouizerat but did not take the deposition of David Ratliff before the deadline date because Plaintiff unilaterraly set a different deposition date than agreed on two days notice Defendant objected. On the next hearing date on July 14, 2023, Judge Ccarter ordered that the depositions of David Ratliff shall take place in the Courthouse on that date. The Court also ordered the deposition of Nicole Freeling be taken that same day as well. The two depositions were completed in the courthouse. The Court took Defendant's motion to dismiss under submission. The Court also ordered that ADR settlement conference would take place between the parties before October 31, 2023. The Court set the following dates per the Scheduling Order, Discovery cut-off 10/27/2023. Motions due by 12/4/2023, Final Pretrial Conference 1/15/2024, jury Trial 2/6/2024 (Docket #33). The parties met for ADR settlement conference on August 11, 2023, but the parties did not reach a settlement. On August 15, 2023, the Court granted Defendants motion to dismiss in part dismissing without leave to amend Cause of Action 2, 4 and 6. On September 5, 2023, Defendant filed its answerer to the First Amended Complaint. On November 1, 2023 Plaintiff filed and served motion for summary judgment and motion for terminating sanctions with a hearing date of December 4, 2023. Defendants filed oppositions to Plaintiff's motions for summary judgment and terminating sanctions on November 14, 2023. Plaintiff filed replies to Defendants oppositions on November 17, 2023. On November 21, 2023 this case was transferred to the Honorable Judge Kenly Kiya Kato. Pending motions currently are the Plaintiff's Motion for Summary Judgment, Plaintiff's Motion for Terminating Sanctions. There are no appellate proceedings pending or concluded.

h) Upcoming Deadlines in reference to the scheduling order include the pretrial and trial dates only.

i) Defendant does consent to the magistrate judge consent program.

j) Defendant counsel has discussed the magistrate consent program with his client. The parties have not met and conferred with Plaintiff to discuss the consent program.

k) Plaintiff would like to have a request a case management conference to address pending motions and upcoming pretrial and trial dates.

Dated:  December 6, 2023

/s/Tom Gruenbeck /s/
Thomas Gruenbeck
Attorney for Defendant
PCX, Inc.

4
DEFENDANT'S CASE MANAGEMENT STATEMENT

j) Defendant counsel has discussed the magistrate consent program with his client. The parties have not met and conferred with Plaintiff to discuss the consent program.

k) Plaintiff would like to have a request a case management conference to address pending motions and upcoming pretrial and trial dates.

Dated:  December 6, 2023

/s/Tom Gruenbeck /s/
Thomas Gruenbeck
Attorney for Defendant
PCX, Inc.

PROOF OF SERVICE

STATE OF CALIFORNIA  )
                     ) ss.
COUNTY OF ORANGE     )

I am employed in the county of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 23120 Alicia Pkwy, Suite 223, Mission Viejo, CA 92692.

On December 6, 2023, I served the foregoing document described as:

DEFENDANT'S CASE MANGEMENT STATEMENT

Upon all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope with postage fully prepaid in the United States mail at Mission Viejo, California addressed as follows:

| Nicole Freeling<br>8631 Sierra Ridge Dr. Apt F<br>Indianapolis, IN 46239<br>n.freeling@outlook.com | | |
|---|---|---|

(  )   (BY US MAIL)  I caused such envelope with postage thereon fully prepaid to be placed in the United States Mail at Mission Viejo, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Mission Viejo, California in the ordinary course of business.

( X )  ELECTRONIC SERVICE  I electronically served a true and correct copy of the above referenced document on the interested parties at the email addresses stated above.

( X )   (FEDERAL)  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

(  )   (BY PERSONAL SERVICE)  I caused such envelope to be delivered by hand to the office of the addressee

      Executed this December 6, 2023, at Mission Viejo, California.

                                              /s/  Tom Gruenbeck /s/
                                              Thomas S. Gruenbeck

DEFENDANT'S CASE MANAGEMENT STATEMENT