Nicole Freeling
8631 Sierra Ridge Dr. Apt. F
Indianapolis, IN 46239
317-500-8757
Plaintiff Pro Se.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE FREELING, | Case No.: 8:23-cv-00173-KK-KES |
| | Judge: HON. JUDGE KENLY KIYA KATO. |
| Plaintiff, | |
| vs. | |
| | **CONTENTIONS OF FACT AND LAW** |
| PCX, INC., et al, | |
| | Pretrial Conference: January 15, 2023, |
| Defendant, | |
| | Trial Date: February 6, 2024, |

---

[1] PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

I. **PLAINTIFFS' CLAIMS**

    A. **Summary of Claims Plaintiffs Plan to Pursue**

Plaintiffs' complaint stated 9 claims against the Defendants PCX, INC. Defendants moved to dismiss Plaintiff's complaint in its entirety. The Court granted Defendant's motion to dismiss as to Plaintiff's second, fourth and sixth Cause of Action.

Claim 1: Defendant PCX violated 42 U.S.C § 1981 when the discriminated because of race.

Claim 3: Defendants PCX violated Title VII of the Civil Rights Act of 1964 when they discriminated based on race.

Claim 5: Defendants PCX violated FEHA, Cal. Gov't Code § 12940(a)

Claim 7: Defendants PCX violated California Equal Pay Act Labor Code § 1197.5(a)

Claim 8: Defendants PCX violated California Fair Chance Act: Cal Gov't Code § 12952

Claim 9: Defendants PCX violated California Labor Code § 201-203 Wage and Waiting Time Penalties

    B. **Elements of Plaintiffs' Claims and Evidence in Support**

        1. **Claim 1: Violated 42 U.S.C § 1981**

            a. **Elements**

1. The Plaintiff was a party to a contract or plaintiff attempted but was unable to make a contract or the plaintiff attempted but was unable to [make a contract] [perform a contract] [modify a contract] [terminate a contract] or [enjoy all benefits, privileges, terms, and conditions of the contractual relationship].

2. The plaintiff's inability to [make a contract] [perform a contract] [modify a contract] [terminate a contract] or [enjoy all benefits, privileges, terms, and conditions of the contractual relationship] was "because of "defendant's purposeful discrimination against the plaintiff on the basis of the plaintiff's race.

*See* Ninth Circuit Manual of Model Jury Instructions 1220 (Section 1981)

*See" Domino's Pizza, Inc. v. McDonald, 546 U.S. 470, 476 (2006) See Woods v. Graphic Commc'ns, 925 F.2d 1195, 1202-03 (9th Cir. 1991). See Rivers v. Roadway Exp., Inc., 511 U.S. 298, 302 (1994) See Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media, 140 S. Ct. 1009, 1019 (2020).*

### b. Key Evidence in Support

Plaintiff's key evidence consists of testimony from witnesses and both parties leading up to the discrimination and thereafter, various documentation of the offer and termination letter, applications, background screening and PCX's company policy. Comparison evidence through testimony and documentation.

### 2. Claim 3: Title VII of the Civil Rights Act of 1964

#### a. Elements

1. Plaintiff must show she is a member of a protected class,

2. She was qualified for the position or was performing competently in the position held,

3. She suffered an adverse employment action, such as termination, demotion, or denial of an available job, and

4. Some other circumstances suggest a discriminatory motive. Often the fourth element is stated as similarly situated individuals outside his protected class were treated more favorably.

*See Chuang v. Univ of Cal Davis, Bd. Of Trs.*, 225 F.3d 1115, 1123 (9th Cir. 2002)

3  **PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

### b. Key Evidence in Support

Plaintiff's key evidence consists of testimony of witnesses and both parties leading up to the discrimination and thereafter, various documentation of the offer and termination letters, applications, background screenings and PCX's company policy. Comparison evidence through testimony and documentation of similarly situated individuals. Plaintiffs' qualifications and skills (resume)

### 3. Claim 5: FEHA Cal. Gov't Code § 12940 (a)

#### a. Elements

1. Defendant was an employer;

2. Plaintiff was an employee of Defendant or applied for a job of the Defendant.

3. Defendant discharge or fail to hire the Plaintiff or Defendant subjected Plaintiff to an adverse action

4. That Plaintiff protective class (race) was substantial motivating reason for Defendants' decision to discharge or fail to hire Plaintiff.

5. That the Plaintiff was harmed and;

6. Defendants' conduct was the substantial factor in causing the Plaintiff's harm

*See Jury Instructions CACI No. 2500*
*McDonnell Douglas Corp. v. Green (1973) 411 U.S. 792 [93 S.Ct. 1817, 36 L.Ed. 2d 668].*

### b. Key Evidence in Support

Plaintiff's key evidence consists of testimony of witnesses and both parties leading up to the discrimination and thereafter, various documentation of the offer and termination letters, applications, background screenings and PCX's company policy. Comparison evidence through testimony and documentation of similarly situated individuals. Plaintiffs' qualifications and medical records.

### 4. Claim 7: California Equal Pay Act Labor Code § 1197.5(a)

#### a. Elements

1. Plaintiff was paid less than the rate paid to a person(s) of another race working for the Defendant,
2. That the Plaintiff was performing substantially similar work as the other person(s) considering the overall combination of skill, effort and responsibility required and
3. That Plaintiff was working under similar working conditions as the other person(s)

*See Jury Instructions CACI No. 2740*

#### b. Key Evidence in Support

Plaintiff's key evidence consists of documentation, testimony of witnesses and parties, admission in deposition that counterpart was paid more than the Black new hires and account executive replacements applications with attached offer letters revealing higher salaries.

### 5. Claim 8: California Fair Chance Act; Gov't Code § 12952

#### a. Elements.

1. Consider how long ago your conviction occurred and whether it is directly related to the job;
2. Notify you in writing identify the conviction that are the problem you provide a copy of your record and tell you the date by which you can respond
3. Allow you at least five business days to respond.

   - If the conviction report was inaccurate, you can respond by submitting evidence showing those inaccuracies.
   - You can also submit information showing that the employer should hire you anyway, such as letters or reference, an explanation of what led to the conviction,

and proof of recent education training volunteering or work experience.

4. Notify you in writing if the employer decides to revoke your job offer.

*See California Civil Rights Department (DFEH)*

### b. Key Evidence in Support

Plaintiff's key evidence consists of documentation of the law, evidential testimony, PCX applications, Background screening results, and adverse letter.

### 6. Claim 9: California Labor Code § 201-203

#### a. Elements.

1. That Plaintiff's employment with Defendants ended; and

2. That the Defendants willfully failed to pay when all wages when due.

The term "willfully" means only that the employer intentionally failed or refused to pay the wages. It does not imply the need for additionally bad motives.

*See CACI No. 2704*

### b. Key Evidence in Support

Plaintiff's key evidence consists of emails from PCX's HR manager Mary Jane, text messages from David Ratliff the sales manager and check stub received from PCX.

## II. DENFENDANT'S COUNTERCLAIMS & AFFIRMATIVE DEFENSES.

**A.** There are no counterclaims.

**B.** Defendants have not discussed or explained to Plaintiff directly any affirmative defenses therefore Plaintiff cannot rebut affirmative defenses. Plaintiffs asked for affirmative defenses during discovery and Defendants did not produce to the Plaintiff any affirmative defenses instead

6  PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Defendants added them to the Answer to the Complaint which had deficiencies according to the Courts.

## III. PLAINTIFFS' POSITION ON ANTICIPATED EVIDENTIARY ISSUES.

    A. **Plaintiff has no evidentiary issues currently.**

    B. **Currently there are no other evidentiary issues to make aware.**

## IV. PLAINTIFF'S ISSUE OF LAW

1. Defendants claim to be exempt from the Fair Chance Act because of Statue 10 U.S. Code § 4656 - Prohibition on persons convicted of defense-contract related felonies and related criminal penalty on defense contractors. It states that an individual who is convicted of fraud or any other felony arising out of a contract with the Department of Defense shall be prohibited from each of the following;

(A)Working in a management or supervisory capacity on any defense contract or any first tier subcontract of a defense contract.(B)Serving on the board of directors of any defense contractor or any subcontractor awarded a contract directly by a defense contractor. (C)Serving as a consultant to any defense contractor or any subcontractor awarded a contract directly by a defense contractor. (D)Being involved in any other way, as determined under regulations prescribed by the Secretary of Defense, with a defense contract or first tier subcontract of a defense contract. (2)Except as provided in paragraph (3), the prohibition in paragraph (1) shall apply for a period, as determined by the Secretary of Defense, of not less than five years after the date of the conviction. (3)The prohibition in paragraph (1) may apply with respect to an individual for a period of less than five years if the Secretary determines that the five-year period should be waived in the interests of national security. (4)The prohibition in paragraph (1) does not apply with respect to the following: (A)A contract referred to in subparagraph (A), (B), (C), or (D) of such paragraphs that is not greater than the simplified acquisition threshold (as defined in section 134 of title 41). (B)A contract referred to in such subparagraph that is for the acquisition of commercial products or commercial services (as defined in sections 103 and 103a, respectively, of title 41). (C)A subcontract referred to in such subparagraph that is under a contract described in subparagraph (A) or (B). (b)CRIMINAL PENALTY.—A defense contractor or subcontractor shall be subject to a criminal penalty of not more than $500,000 if such contractor or subcontractor is convicted of knowingly— (1)employing a person under a prohibition under subsection (a); or (2)allowing such a person to serve on the board of directors of such contractor or subcontractor. (c)SINGLE POINT OF CONTACT FOR INFORMATION.— (1)The Attorney General shall ensure that a single point of contact is established to enable a defense contractor or subcontractor to promptly obtain information regarding whether a person that the contractor or subcontractor proposes to use for an activity covered by paragraph (1) of subsection (a) is under a prohibition under that subsection. (2)The procedure for obtaining such information shall be specified in regulations prescribed by the Secretary of Defense under subsection (a).

2. Defendants' interpretation of this law is misleading the Court because this law does not pertain to the Plaintiff for two reasons.

- Plaintiff has never been convicted are charged with fraud or a felony;

7   **PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

- Plaintiff has never been convicted of fraud or any other felonies or any felonies arising out of a contract with The Department of Defense (DOD). Which is what this law is speaking about.

## V. BIFURCATION OF ISSUES

The parties have not requested bifurcation of any issues at this time.

## VI. DEMAND FOR JURY TRIAL

Plaintiff made a timely demand for a jury trial as to all issues are triable.

### A. Issues Triable to the Jury

1. All issues as so demanded.

## VII. ATTORNEYS' FEES

Plaintiff is Pro Se, and therefore is not entitled to Attorney fees.

## VIII. ABANDONMENT OF ISSUES

Plaintiff has only abandoned those issues the Court expressly dismissed via its order partially granting Defendants motion to dismiss. Plaintiffs are unaware of any issues the Defendants have abandoned.

Date: December 25, 2023,     Respectfully submitted,

By: *Nicole Freeling*

Nicole Freeling, Pro Se.

8   PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW