UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE FREELING,<br><br>　　　　　　　Plaintiff(s),<br><br>　　　v.<br><br>PCX, INC., ET AL.,<br><br>　　　　　　　Defendant(s). | Case No. SACV 23-173-KK (KESx)<br><br>**AMENDED CIVIL TRIAL SCHEDULING ORDER**<br><br>Final Pretrial Conference: April 4, 2024 at 10:30 a.m.<br><br>Jury Trial: April 22, 2024 at 8:30 a.m. |

This case is set for trial before the Honorable Kenly Kiya Kato, 3470 12th Street, 3rd Floor, Courtroom 3, Riverside, CA 92501.

**I.    MOTIONS**

Judge Kato hears motions in civil cases on Thursdays at 9:30 a.m.  The cut-off date for hearing motions is the last day on which motions will be heard, i.e., the motion must be filed **at least twenty-eight (28) days** before the deadline in accordance with the requirements of Local Rule 6-1.  Motions for summary judgment or partial summary judgment shall be filed as soon as practical, however, **no later than forty-nine (49) days before** the motion cut-off date.  The cut-off date applies to all non-discovery motions except motions directly related to the conduct of trial, e.g., motions in limine and motions to sever parties or bifurcate issues for trial.

All motions in limine and other trial-related motions must be properly noticed for hearing no later than the date of the Final Pretrial Conference.  **Each side is limited to five (5) motions in limine.**  Memoranda of Points and Authorities in support of or in opposition to motions in limine shall not exceed ten (10) pages.  Replies will not be accepted.  Motions in limine shall not be compound, i.e., each motion shall address only one item of evidence or witness.  If common grounds for exclusion or admission apply to multiple items of evidence or witnesses, each motion shall address only one category of evidence or witnesses.  Motions in limine should not be disguised motions for summary adjudication of issues.

All parties and counsel must comply with Local Rule 7-16, which provides:

> Any moving party who intends to withdraw the motion before the hearing date shall file and serve a withdrawal of the motion, not later than seven (7) days preceding the hearing.  Any opposing party who no longer intends to oppose the motion, shall file and serve a withdrawal of the opposition, not later than seven (7) days preceding the hearing.

Failure to comply with this notification requirement may result in the imposition of sanctions on the offending counsel or party.

## II.   DISCOVERY

Counsel shall initiate all discovery other than depositions **at least forty-five (45) days before** the cut-off date.  The Court will not approve stipulations between counsel which permit responses to be served after the cut-off date except in unusual circumstances and for good cause shown.

Counsel are expected to resolve discovery problems without the assistance of the Court.  The discovery cut-off is the last date to complete discovery.  It is also the last day for hearing any discovery motion.  In addition, any motion challenging the adequacy of responses to discovery must be served and calendared sufficiently in advance of the discovery cut-off date to permit the responses to be obtained before that date, if the motion is granted.

## III. SETTLEMENT PROCEDURES

The parties must complete settlement conferences under the Court-Directed Alternative Dispute Resolution ("ADR") Program (Local Rule 16-15.4) no later than the dates set by the Court above. The parties shall schedule their ADR proceedings so that they occur before the ADR deadline as soon as reasonable, but (1) **no later than ninety (90) days prior to the ADR deadline**, if the Court has ordered the parties to participate in ADR Procedure No. 1, and (2) **no later than sixty (60) days after the entry of this Order**, if the Court has ordered the parties to participate in ADR Procedure Nos. 2 or 3. **Within seven (7) days of scheduling the ADR proceeding**, Plaintiff shall file a Joint Statement confirming that the parties have done so and the date of the proceeding. If the parties desire to participate in an ADR procedure other than that selected in the Rule 26(f) Joint Report and Order, they shall file a stipulation with the Court. This request will not necessarily be granted.

Plaintiff shall file a Joint Report regarding the outcome of settlement discussions, the likelihood of possible further discussions, and any help the Court may provide with regard to settlement negotiations **not later than seven (7) days after** the settlement conference. No case will proceed to trial unless all parties, including the principals of all corporate parties, have appeared personally at a settlement conference and complied with Local Rule 16-15.5.

If a settlement is reached, it shall be reported immediately to this Court as required by Local Rule 16-15.7. **In all cases set for jury trial, the parties must notify the Court, no later than the Wednesday preceding the Monday trial date, of any settlement, so that the necessary arrangements can be made to bring in a different case for trial or notify the members of the public who would otherwise be reporting for jury duty that their services are not needed that date.**

**Failure to comply with this notification requirement may result in the imposition of sanctions on counsel for one or more parties, or their clients, or both.**

3

**Upon receipt of oral or written notice that a case has settled, the Court will dismiss the case from the docket and if no agreed final order or judgment is thereafter submitted within thirty (30) days, or if no party files a motion to reopen within such time, the case shall, without further order, stand dismissed with prejudice.**

## IV.   FINAL PRETRIAL CONFERENCE

The Court will conduct a Final Pretrial Conference pursuant to Federal Rule of Civil Procedure 16 and Local Rule 16-1 on the date and time listed above.  Each party appearing in this action shall be represented at the Final Pretrial Conference and at all pretrial meetings by the lead trial counsel.  Counsel should be prepared to discuss streamlining the trial, including presentation of testimony by deposition excerpts, time limits, stipulations as to undisputed facts, and qualification of experts by admitted resumes.  In rare cases where the Pretrial Conference is waived by the Court, counsel must follow Local Rule 16-11.  This Court does not exempt pro per parties from the requirements of Local Rule 16.

   **1.   Matters to be Discussed at the Final Pretrial Conference**

Counsel shall be prepared to discuss the following matters with the Court at the Pretrial Conference:

- the witnesses all parties intend to call during their respective cases, and the amount of time necessary for direct and cross examination of each witness;
- any anticipated problems in scheduling witnesses;
- any evidentiary issues, including anticipated objections under Rule 403, and objections to exhibits;
- jury selection procedures;
- all pretrial motions, including motions in limine, to bifurcate and to sever;
- any disputed jury instructions, and the form of the instructions which will be given to the jury at the outset of the case, i.e., before opening statements and presentation of evidence;

- whether any counsel intends to use any evidence or demonstrative aid in opening statement; and
- motions to exclude witnesses from the courtroom during trial testimony.

If counsel for any party need to arrange for the installation of their own equipment, such as video monitors, notebooks, or overhead projectors, counsel shall notify the Courtroom Deputy Clerk ("CRD") *no later than 4:00 p.m. seven (7) days before trial* so that the necessary arrangements can be made.

**2. Pretrial Filings**

Counsel shall submit carefully prepared Memoranda of Contentions of Fact and Law (which may also serve as the trial briefs) and proposed Pretrial Conference Orders in accordance with the provisions of Local Rules 16-4 through 16-7. The form of the proposed Pretrial Conference Order shall be in conformity with the form set forth in Appendix A to the Local Rules. The filing schedule for pretrial documents is as follows:

<u>At least 28 days before final pretrial conference</u>
- Motions in limine

<u>At least 21 days before final pretrial conference</u>
- Memorandum of contentions of fact and law
- Joint witness lists
- Joint exhibit lists
- Oppositions to motions in limine

<u>At least 14 days before final pretrial conference</u>
- Proposed final pretrial conference order
- Proposed jury instructions, and any objections
- Proposed verdict forms
- Statement of the case
- Proposed voir dire questions

///

5

<u>At least 7 days before trial</u>

- Trial briefs, if desired

**A.     <u>Pretrial Conference Order</u>**

In drafting the proposed Pretrial Conference Order, counsel shall make a good faith effort to agree on and set forth as many uncontested facts as possible.  The Court may read the uncontested facts to the jury at the start of the trial.

In drafting the factual issues in dispute for the proposed Pretrial Conference Order, the issues of fact should track the elements of a claim or defense upon which the jury would be required to make findings.  Counsel should attempt to state issues in ultimate fact form, not in the form of evidentiary fact issues (i.e., "was the defendant negligent?"; "was such negligence the proximate cause of injury to the plaintiff?"; "was the plaintiff negligent?"; **not**, "was the plaintiff standing on the corner of 5th and Spring at 10:00 a.m. on May 3?").  Counsel may list sub-issues under the headings of ultimate fact issues, but shall not use this as a device to list disputes over evidentiary matters.

Issues of law should state legal issues upon which the Court will be required to rule after the Pretrial Conference, including during the trial, and should not list ultimate fact issues to be submitted to the trier of fact.

Each party shall list and identify its respective expert witnesses, if any.  Failure of a party to list and identify an expert witness in the proposed Pretrial Conference Order shall preclude a party from calling that expert witness at trial.

**B.     <u>Exhibit and Witness Lists</u>**

Counsel are to prepare their exhibits by placing them in 3-ring binders that are tabbed down the right side with exhibit numbers.  The spine portion of the binder shall indicate the volume number and contain an index of each exhibit including in the volume.  The binders are to be prepared with an original for the CRD, which shall be tagged with the appropriate exhibit tags in the upper right hand corner of the first page of each exhibit, and one copy for the Court ("bench book").  Each binder shall

contain an index of the included exhibits. The exhibits are to be numbered in accordance with Local Rule 26-3.

The Court requires the following to be submitted to the CRD on the first day of trial:

1. The original exhibits with the Court's exhibit tags. The parties shall use yellow tags for plaintiff and blue tags for defendant, which shall be stapled to the front of the exhibit on the upper right corner with the case number, case name, and exhibit number placed on each tag. Counsel can obtain exhibit tags at the Clerk's Office, Room 134, 1st Floor, 3470 Twelfth Street, Riverside.
2. One bench book with a copy of each exhibit for use by the Court, tabbed with numbers as described above. (Court's exhibit tags not necessary.)
3. Three copies of an exhibit index, in the following form:

| Case No. | Case Name: | | |
|---|---|---|---|
| Exhibit No. | Description | Date Identified | Date Admitted |
| 3 | 1/30/2020 Letter from Doe to Roe | | |

4. Three copies of witness lists in the order in which the witnesses may be called to testify. The witness lists shall be in the following form:

| Case No. | Case Name: |
|---|---|
| Witness Name | Date Called to Testify |
| 1.   John Doe | |
| 2.   Jane Roe | |

All counsel are to meet no later than **ten (10) calendar days before** trial and stipulate, to the extent possible, to foundation, waiver of the best evidence rule, and which exhibits may be received into evidence at the start of trial. The exhibits to be received will be noted on the extra copies of the exhibit lists.

///

///

        **C.**    *Court Reporter*

At least **seven (7) days before** the commencement of trial, counsel for the parties shall provide the court reporter with a list of unusual words, phrases, and spellings that may come up during trial. This information should be emailed to Judge Kato's CRD at kk_chambers@cacd.uscourts.gov.

        **D.**    *Jury Instructions*

*Fourteen (14) calendar days* prior to the Rule 16-2 Meeting of Counsel, counsel shall exchange proposed jury instructions and special verdict forms (if applicable). *Seven (7) calendar days* prior to the Rule 16-2 meeting, counsel shall exchange any objections to the instructions and special verdict forms. Prior to or at the time of the Rule 16-2 meeting, counsel shall meet and confer with the goal of reaching agreement as to one set of joint, undisputed jury instructions and one special verdict form.

The parties shall file proposed jury instructions *fourteen (14) calendar days* before the Final Pretrial Conference. The parties must submit electronic versions (Word format) to the Court at the following e-mail address: kk_chambers@cacd.uscourts.gov.

As noted above, the parties must act jointly to submit proposed jury instructions. The parties must submit one set of agreed-upon jury instructions. At the same time, the parties must submit another set of jury instructions containing the instructions upon which the parties disagree and the objections to those instructions. Where the parties disagree on an instruction, the party opposing the instruction must attach a short (i.e., one to two paragraphs) statement supporting the objection and the party submitting the instruction must attach a short statement supporting the instruction. Each statement should be on a separate page and should follow directly after the disputed instruction.

Accordingly, the parties ultimately will submit one document or, if the parties disagree over any proposed jury instructions, two documents. If the parties submit

8

two documents, those documents should consist of: (1) a set of agreed-upon jury instructions, and (2) a set of disputed jury instructions along with reasons supporting and opposing each disputed instruction.

Where the *Manual of Model Civil Jury Instructions for the Ninth Circuit (2017 edition)* provides a version of a requested instruction, the parties should submit the Model instruction. Where California law applies, the Court prefers counsel to use *Judicial Council of California, Civil Instructions* ("CACI"). If neither of the above sources has an instruction on the subject, counsel are directed to consult the current edition of *O'Malley, et al., Federal Jury Practice and Instructions*. Each requested instruction shall (a) cite the authority or source of the instruction, (b) be set forth in full, (c) be on a separate page, (d) be numbered, (e) cover only one subject or principle of law, and (f) not repeat principles of law contained in any other requested instruction.

The Court will send a copy of the jury instructions into the jury room for use by the jury during deliberations. Accordingly, in addition to the file copies described above, the parties shall file with the CRD and shall email to chambers on the first day of the trial a "clean set" of joint and/or proposed jury instructions that contain only the text of each instruction set forth in full on each page, with the caption "Court's Instruction Number ___" (eliminating titles, supporting authority, indication of party proposing, etc.). This will be referred to as the "Jury Copy" of the jury instructions.

An index page shall accompany all jury instructions submitted. The index page shall indicate the following:

- The number of the instruction;
- A brief title of the instruction;
- The source of the instruction and any relevant case citations; and
- The page number of the instruction.

///

///

Example:

| Number | Title | Source | Page |
|--------|-------|--------|------|
| 1 | Burden of Proof | 9th Cir. 12.02 | 7 |

**E.**     *Joint Statement of the Case and Voir Dire*

*Fourteen (14) calendar days* before the Final Pretrial Conference, each counsel must file with the CRD and serve on opposing counsel any proposed voir dire questions to be asked of prospective jurors.  Counsel shall also prepare a joint statement of the case which will be read by the Court to the prospective panel of jurors prior to the commencement of voir dire.  The statement should not be longer than two or three paragraphs and shall not exceed one page.  In addition, the parties must submit electronic versions (Word format) to the Court at the following e-mail address: kk_chambers@cacd.uscourts.gov.

**V.     TRIAL**

The Court sets firm trial dates.  Counsel shall arrive at the courtroom *not later than half an hour before the start of trial* each day of trial.  The Court reserves that time to handle legal and administrative matters outside the presence of the jury.  Counsel shall anticipate matters that may need discussion or hearing outside the presence of the jury and to raise them during this period.

Trials are generally conducted Monday through Friday.  The Court will adopt a particular time schedule on a case-by-case basis.  In general, the schedule will be: (i) from 8:30 a.m. to 2:30 p.m. with two or three 20-minute breaks; or (ii) from 9:00 a.m. to 4:30 p.m., with a 15-minute break in both the morning and the afternoon, and a one-hour lunch break.  In most cases, jury selection is completed on the first morning of trial, and counsel should be prepared to give opening statements and begin presentation of evidence immediately thereafter.

All counsel are asked to observe the following practices during trial:

1. All counsel, defendants, and parties shall rise when the jury enters and leaves the courtroom.

2. Counsel shall stand when addressing the Court, including when objecting to opposing counsel's questions.

3. When objecting, counsel shall stand and should state only "objection," and the legal ground for the objection (e.g., hearsay, irrelevant, etc.). Counsel should refrain from arguing the legal basis for the objection unless permission is granted to do so.

4. Counsel must seek leave to approach the CRD or the witness, and should question witnesses while standing at the lectern.

5. Counsel should not address or refer to witnesses or parties by first names alone, with the exception of witnesses under 14 years old.

6. The Court will establish <u>reasonable time limits</u> for opening statements and closing arguments and the presentation of each party's case. The Court strictly enforces the set time limits.

7. Counsel shall not discuss the law or argue the case in opening statements.

8. Counsel shall address all remarks to the Court and should not directly address the CRD, the Court Reporter, opposing counsel, or the jury (except in opening statement and closing argument). Counsel must ask the Court for permission to talk off the record in order to speak with opposing counsel.

9. Counsel shall not make an offer of stipulation unless Counsel has conferred with opposing counsel and believes that the stipulation will be accepted. Any stipulation of fact will require the defendant's personal concurrence and shall be submitted to the Court in writing for approval.

10. While Court is in session, counsel may not leave the counsel table to confer with witnesses, colleagues, or assistants in the back of the courtroom unless the Court grants permission to do so in advance.

11

11. Where a party has more than one lawyer, only one may conduct the direct or cross-examination of a particular witness, or make objections as to that witness.

12. If a witness was on the stand before a recess or adjournment, counsel shall have the witness back on the stand and ready to proceed when Court resumes.

13. If there is more than a brief delay between witnesses, the Court may deem that the party has rested.

14. The Court attempts to cooperate with witnesses and will, except in extraordinary circumstances, accommodate them by permitting them to be examined out of sequence. Counsel should discuss any scheduling issues with opposing counsel. If there is an objection, counsel shall confer with the Court in advance.

15. Counsel shall not make facial expressions, nod, or shake their heads, or comment or otherwise exhibit in any way any agreement, disagreement, or other opinion or belief concerning the testimony of a witness. Counsel shall admonish their clients and witnesses not to engage in such conduct.

16. Counsel should not talk to jurors at all, and should not talk to co-counsel, opposing counsel, witnesses, or clients where the conversation may be overheard by jurors. Each counsel should admonish counsel's own clients and witnesses to avoid such conduct. Counsel should not speak with courthouse personnel regarding the trial, jury deliberations, or where the jury stands. Each counsel should admonish counsel's clients, witnesses, and agents not to engage in such conduct. If any team should inadvertently become aware of jury information, including where the jury stands during deliberations, such information, shall not be repeated to

anyone without permission of the Court. The parties should immediately notify the Court of such disclosure.

17. Counsel must notify the CRD in advance if any witness should be accommodated based on the Americans with Disabilities Act or for other reasons.

## VI. WEBSITE

Counsel are encouraged to review the Central District's website for additional information: http://www.cacd.uscourts.gov.

The CRD is ordered to serve a copy of the Order personally, electronically, or by mail on counsel for all parties to this action.

**IT IS SO ORDERED.**

Dated: January 17, 2024

HONORABLE KENLY KIYA KATO
United States District Judge

13