Nicole Freeling
8631 Sierra Ridge Dr. Apt F.
Indianapolis, In 46239
317-500-8757
Plaintiff in Pro per
n.freeling@outlook.com

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

JURISDICTION

| | |
|---|---|
| NICOLE FREELING | **Case No**: 8:23-cv-00173-KK-KES |
|       Plaintiff, | HON. JUDGE KENLY KIYA KATO |
| vs. | |
| PCX, INC., et.al, | **PLAINTIFFS' MOTION IN LIMINE** |
|       Defendant | Pretrial Conference: April 4, 2024 |
| | Trial Date: April 22, 2024, |

**PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE DEFENDANTS FROM USING EXHBIT 109 PLAINTIFF'S LITGATION CASE WITH THE INDIANA DEPARTMENT OF TRANSPORTATION.**

This motion is made following the attempt to conference of counsel pursuant to L.R. 7-3 Plaintiff contact Opposing Counsel on Thursday February 22, 2024, to request a meet and confer. Opposing counsel responded by email asking what my request on the Motion on Saturday February 24, 2024, is. Plaintiff explained the Motion in Limine and what is requesting from the Court, Counsel did not reply with any further communication.

# INTRODUCTION

Evidence is relevant and therefore generally admissible under Federal Rule of Evidence 402 if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The Court may, however, exclude otherwise relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. Further, evidence may be excluded when there is a significant danger that the jury might base its decision on emotion, or when non-party events would distract reasonable jurors from the real issues in the case. Tennison v. Circus Circus Enterprises, Inc., 244 F.3d 684, 690 (9th Cir. 2001). With this in mind, "motion[s] in limine allow[] the parties to resolve evidentiary disputes before trial and avoid[] potentially prejudicial evidence being presented in front of the jury, thereby relieving the trial judge from the formidable task of neutralizing the taint of prejudicial evidence." Brodit v. Cambra, 350 F.3d 985, 1004-05 (9th Cir. 2003).

## I.   Defendants Should Be Precluded from Introducing Plaintiff's complaint of The Indiana Department of Transportation

Pursuant to Federal Rules of Evidence 401 through 404, Plaintiff Nicole Freeling respectfully requests the Court to order the Defendants not to mention, refer to, or attempt to elicit in any manner., any evidence pertaining to Plaintiffs' litigation case against the Indiana Department of Transportation. Defendants, introducing this evidence has no relevance to proving or disproving of any existing fact that is of consequence to the determination of the action. This foregoing litigation against the Indiana department of Transportation is not similar in claims or statues. The Indiana Department of Transportation case is based on the violation of the Fourteenth Amendment and Section 1983. By Defendants introducing this case to the jury will produce an

unfair prejudice to the Plaintiff and furthermore without the jury knowing or hearing the evidence pertaining to the circumstances to that litigation with the Indiana Department of Transportation will not only cause an unfair prejudice, but also confusion to the jury. According to Rule 404 using this evidence to paint Plaintiff's character to be something it's not or portray Plaintiff as a serial filer should not be admissible.

## II.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully asks the Court to grant the Motion in Limine.

Date: March, 2024,                          Respectfully submitted,

By:   Nicole Freeling

Nicole Freeling, Pro Se.

3 **PLAINTIFFS' MOTION IN LIMINE**

1    Nicole Freeling
     8631 Sierra Ridge Dr.
2    Indianapolis, In
     317-500-8757
3    Plaintiff in Pro per

4                    UNITED STATES DISTRICT COURT

5                    CENTRAL DISTRICT OF INDIANA

6

7

8                          JURISDICTION

9    NICOLE FREELING                    Case No.:  8:23-cv-00173-KK-KES

10             Plaintiff,

11   vs.                                **PROOF OF SERVICE**

12   PCX, INC.  CALIFONINIA CORPORATION; AND

13             Defendant

14

15

16        I, Plaintiff Nicole Freeling, declares as follows:

17

18        My address is 8631 Sierra Ridge Dr Apt F. Indianapolis, IN 46239, which is located in the county
19
     where the mailing described below took place. My email n.freeling@outlook.com was used to serve Defendants
20
     electronically.
21
              On March 5 2024 I served the document(s) described as:
22

23
              •    Plaintiffs' motion in Limine
24

25

26

27

28                          1 PROOF OF SERVICE

1   Upon all interests' parties in this action by placing a true and correct copy thereof in a

2   sealed envelope, with first-class postage thereon, and deposited said envelope in the

3   United States mail in Indianapolis, In, addressed as followed:     Parties were served email

4

5   Thomas S. Gruenbeck

6   23120 Alicia Pkwy, Ste 223

7   Mission Viejo, CA 92692

8   tom@gruenbeckvogeler.com

9

10   I Declare under penalty of perjury that the foregoing is true and correct.

11

12     Executed on Tuesday March 5, 2024 at Indianapolis, Indiana

13

14                                         Nicole Freeling

15                                         Nicole Freeling

16

17

18

19

20

21

22

23

24

25

26

27

28                        2 PROOF OF SERVICE