UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 23-173-KK-KESx | Date: | April 2, 2024 |
| Title: | *Nicole Freeling v. PCX, Inc., et al.* | | |

Present: The Honorable    KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (In Chambers) Order to Show Cause Why Defendant and Defense Counsel Should Not Be Sanctioned for Failure to Comply with Court Orders**

     This matter is currently set for a Final Pretrial Conference on April 8, 2024 and a jury trial on April 22, 2024.  As detailed below, however, Defendant has not filed various pretrial documents as required by this Court's Orders.  Hence, Defendant and its counsel are hereby Ordered to Show Cause as to why they should not be sanctioned.

     On July 17, 2023, the Court issued a Scheduling Order in this matter setting a Final Pretrial Conference for January 15, 2024,[1] and a jury trial for February 6, 2024.  Dkt. 33.  Pursuant to the Court's Scheduling Order, Defendant's Memorandum of Contentions of Fact and Law was due twenty-one days prior to the Final Pretrial Conference, i.e., no later than December 26, 2023.  See dkt. 33 at 9.  Furthermore, pursuant to Local Rule 16-5, Defendant was required to file its witness list at the same time as the Memorandum of Contentions of Fact and Law.  To date, Defendant has not filed either the Memorandum of Contentions of Fact and Law or the witness list.

     In addition, the Court's Scheduling Order required the parties to file their proposed Final Pretrial Conference Order eleven days prior to the Final Pretrial Conference, i.e., no later than January 4, 2024.  See dkt. 33 at 9.  Pursuant to Local Rule 16-7, the proposed Final Pretrial Conference Order must be "signed by all counsel" and "[i]t is the duty of all counsel to cooperate with plaintiff's counsel in the preparation and submission of the [proposed] Final Pretrial Conference Order[.]"  However, despite receiving the draft proposed Final Pretrial Conference

---

[1] On January 3, 2024, the Court continued the Final Pretrial Conference to January 18, 2024. Dkt. 67.  On January 10, 2024, the Court continued the Final Pretrial Conference to January 19, 2024.  Dkt. 69.

Order from Plaintiff on December 28, 2023, defense counsel failed to return Defendant's portion of the proposed Final Pretrial Conference Order, sign the proposed Final Pretrial Conference Order, or otherwise cooperate in the preparation and submission of the proposed Final Pretrial Conference Order.  Dkt. 68-2 ¶¶ 4, 6-8.  Plaintiff, therefore, lodged the proposed Final Pretrial Conference Order without defense counsel's signature.  See dkt. 68.

Finally, on January 17, 2024, the Court issued an Amended Civil Trial Scheduling Order in this matter, setting the Final Pretrial Conference for April 4, 2024[2] and a trial date of April 22, 2024.  Dkt. 74.  Pursuant to the Court's Amended Civil Trial Scheduling Order, the parties' proposed jury instructions and verdict forms were due fourteen days prior to the Final Pretrial Conference, i.e., no later than March 21, 2024.  Id. at 5.  The parties were required to "meet and confer with the goal of reaching agreement" regarding the jury instructions and verdict form and to submit one set of agreed-upon jury instructions, one set of disputed jury instructions, and one proposed verdict form.  See id. at 8.  However, defense counsel failed to respond to Plaintiff's attempt to meet and confer regarding the parties' pretrial filings.  Dkt. 76-1 ¶ 1.  Plaintiff, therefore, filed separate proposed jury instructions and a separate proposed verdict form.  See dkts. 76, 78.  To date, Defendant has not filed proposed jury instructions or a proposed verdict form.

Accordingly, Defendant and its counsel, Thomas S. Gruenbeck of Gruenbeck and Vogeler, are **ORDERED TO SHOW CAUSE** in writing why they should not be sanctioned in the amount of $500 each for their failure to comply with the Court's July 17, 2023 Scheduling Order, the Court's January 17, 2024 Amended Civil Trial Scheduling Order, and the Court's Local Rules.  Defendant shall have **up to and including April 3, 2024** to respond to this Order.

In addition, **no later than 5:00 p.m. on April 3, 2024**, Defendant shall file its Memorandum of Contentions of Fact and Law, witness list, proposed jury instructions, and proposed verdict form.

**Defendant is explicitly warned that failure to comply with this Order may result in additional sanctions, including monetary and/or terminating sanctions.**

**IT IS SO ORDERED.**

---

[2] On March 28, 2024, the Court continued the Final Pretrial Conference to April 8, 2024.  Dkt. 81.